John SCHLECK and Robert Kraft, Appellees,

v.

RAMSEY COUNTY,

Suzanne Alliegro, Appellant.

Michael Moriarity and Kathleen Mahoney.

No. 90–5459.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1991.

Decided July 29, 1991.

Rehearing and Rehearing En Banc Denied Sept. 26, 1991.

Peter Ackerberg, Asst. Atty. Gen., for appellant.

Theodore Collins, argued (Mark Gehan, Jr. and Bonnie Bennett, on brief), St. Paul, Minn., for appellees.

Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and DUMBAULD,* District Judge.

BOWMAN, Circuit Judge.

This is a Section 1983 case. Defendant Suzanne Alliegro appeals from the order of the District Court denying her motion for summary judgment on the ground of qualified immunity. We reverse.

## I.

John Schleck and Robert Kraft were longtime Ramsey County, Minnesota employees of the Traffic Violations Bureau ("TVB") of Minnesota's Second Judicial District. They each had supervisory duties within the TVB. As Administrator of the Second Judicial District, Alliegro served as Schleck's and Kraft's supervisor. In July 1988, Ramsey County began an investigation of possible sexual harassment occurring in the TVB.[1] In August the County discontinued the investigation, as it learned that a civil lawsuit was imminent. In early September 1988, seven current and former women employees supervised by Schleck and Kraft filed suit in state district court, alleging sexual harassment. Their complaint listed a number of specific acts by Schleck and Kraft that allegedly constituted sexual harassment. The suit named not only Schleck and Kraft, but Alliegro as well, alleging Alliegro knew of and failed to stop the alleged sexual harassment.

In response to this lawsuit, Kathleen Mahoney of the Minnesota Attorney General's Office was assigned to represent Alliegro. Mahoney directed Michael Moriarity, Alliegro's assistant, to investigate the allegations in the lawsuit and report his findings to Alliegro and Mahoney. Moriarity interviewed thirty-four witnesses between September 12 and September 21, including both Schleck and Kraft. As a result of his investigation, Moriarity concluded that Schleck and Kraft had sexually harassed female TVB employees under their supervision.

On September 21 and 22 respectively, Kraft and Schleck received termination letters from Alliegro. The letters indicated that the terminations were effective at the end of the next work day (September 22 and 23, respectively), and that Kraft and Schleck were free to meet with Alliegro by the close of business on the 22nd and 23rd, respectively, in order to discuss their terminations and respond to the reasons for the dismissals. Kraft and Schleck met with Alliegro separately for approximately twenty to forty-five minutes; Alliegro explained the reasons for the terminations and both Kraft and Schleck denied engaging in sexual harassment. At the time of their discharges Kraft and Schleck were offered post-termination hearings that would be conducted by the State Office of Administrative Hearings.[2] They did not accept the offer; instead they requested hearings pursuant to the Veterans' Preference Statute, Minn.Stat.Ann. § 197.46 (West Supp.1991), which grants to county employees who are veterans the right to receive a pre-termination hearing, and requires a finding of misconduct before such an employee may be fired. Alliegro declined to give Kraft and Schleck such a hearing, contending that they were not county employees and thus not covered by the Veterans' Preference statute.

In November 1988, the state district court issued a writ of mandamus requested by Schleck and Kraft, ordering Ramsey County to provide them with a Veterans' Preference hearing. The state district court concluded that Schleck and Kraft were county employees, and thus covered by the Veterans' Preference statute. In addition to ordering a pre-termination hearing, the court ordered the county to reinstate Schleck and Kraft as paid, suspended county employees and to pay their attorneys' fees. The Minnesota Court of Appeals affirmed the district court's order,

* The HONORABLE EDWARD DUMBAULD, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. An earlier investigation resulted in no disciplinary action being taken.

2. Such hearings are available to state employees pursuant to Minn.Stat.Ann. § 43A.33 (West 1988).

but reversed the award of attorneys' fees, concluding that the county had presented credible evidence that Kraft and Schleck were not county employees. *Schleck v. State,* 442 N.W.2d 359, 363 (Minn.Ct.App. 1989).

Schleck and Kraft then filed the present action, claiming that Ramsey County, Alliegro, Moriarity, and Mahoney had deprived them of property and liberty interests without due process of law, in violation of 42 U.S.C. § 1983 (1988). The District Court granted Moriarity's and Mahoney's motions for summary judgment, and denied Alliegro's summary judgment motion. Schleck's and Kraft's motion for partial summary judgment against Alliegro also was denied. Alliegro appeals, arguing that she is entitled to summary judgment on the basis of qualified immunity.

## II.

"[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). In order for a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what [s]he is doing violates that right.... [I]n light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). The standard for determining whether this qualified immunity is applicable is objective reasonableness. "Whether an official may prevail in [her] qualified immunity defense depends upon the 'objective reasonableness of [her] conduct as measured by reference to clearly established law.' ... No other 'circumstances' are relevant to the issue of qualified immunity." *Davis v. Scherer,* 468 U.S. 183, 191, 104 S.Ct. 3012, 3017, 82 L.Ed.2d 139 (1984) (quoting *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738 (footnote deleted)). *See also Holloway v. Conger,* 896 F.2d 1131, 1136–37 (8th Cir.1990).

It is well-established that a public employee with a property interest in continued employment is entitled to a pre-termination hearing. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Schleck and Kraft maintain they had a property interest in their jobs at the TVB and were not afforded a proper pretermination hearing before they were fired by Alliegro. Assuming for our purposes that Schleck and Kraft did have a property interest in continued employment, it was not clearly established at the time of Alliegro's actions that the process that Schleck and Kraft did receive was insufficient to meet the requirements of *Loudermill.* Alliegro therefore is entitled to qualified immunity for Schleck's and Kraft's property interest claims.

A "pretermination 'hearing,' though necessary, need not be elaborate.... In general, 'something less' than a full evidentiary hearing is sufficient prior to adverse administrative action.... [T]he pretermination hearing need not definitively resolve the propriety of the discharge. It should be an initial check against mistaken decisions...." *Loudermill,* 470 U.S. at 545, 105 S.Ct. at 1495 (citations omitted). The indispensable requirements of a pretermination hearing are "notice of the charges ..., an explanation of the employer's evidence, and an opportunity [for the employee] to present his side of the story." *Id.* at 546, 105 S.Ct. at 1495. The hearing does not have to precede the termination decision, but only must precede the termination of benefits. *Jackson v. St. Joseph State Hosp.,* 840 F.2d 1387, 1391 (8th Cir.), *cert. denied,* 488 U.S. 892, 109 S.Ct. 228, 102 L.Ed.2d 218 (1988). It does not have to be a formal hearing; "informal meetings with supervisors" are sufficient. *Riggins v. Board of Regents,* 790 F.2d 707, 711 (8th Cir.1986). The *Loudermill* Court emphasized that as long as there are adequate post-termination hearings available, the pre-termination hearing need not be extensive. *Loudermill,* 470 U.S. at 545–548, 105 S.Ct. at 1495–97.

The pre-termination hearings afforded by Alliegro to Schleck and Kraft did not violate any clearly established right. Schleck and Kraft were provided notice of the charges against them, by both the letters they received the day before their termination and by being served with notice of the lawsuit filed by the female employees. Further notice was provided through their interviews with Moriarity. They were made aware of the evidence against them via the allegations contained in the lawsuit filed by the female employees, their interviews with Moriarity, and in their meetings with Alliegro. They also were given an opportunity to rebut the charges.[3] All of this occurred before their terminations took effect.

Schleck and Kraft argue that these procedures were inadequate. They claim that because Alliegro did not disclose all of the information known to her, did not provide the names of Schleck's and Kraft's accusers nor the names of the people that Moriarity interviewed, and because Moriarity's interviews with them lasted less than an hour, their pre-termination hearing rights were violated. They assert that these deficiencies made their pretermination hearings a "farce." Appellees' Brief at 16. We disagree. Alliegro was not required to provide Schleck and Kraft with a full hearing, nor was she required to disclose all of the details of the charges against them. The two certainly were aware that they were accused of sexual harassment, and had notice of numerous specific allegations.

The process Alliegro provided Schleck and Kraft, measured objectively, cannot be said to have violated any clearly established due process right. Cf. *Mueller v. Regents of Univ. of Minnesota*, 855 F.2d 555, 559 (8th Cir.1988) (although the notice letter did not provide the names of the plaintiff's accusers, he had notice of these names and the specific charges through an earlier Audit Report); *Riccio v. County of Fairfax*, 907 F.2d 1459, 1465 (4th Cir.1990) (investigator's earlier interview of plaintiff held to be sufficient specific notice); *Powell v. Mikulecky*, 891 F.2d 1454, 1459 (10th Cir.1989) (brief meeting between supervisor and employee wherein the supervisor asked the employee two questions and then immediately terminated him satisfied the *Loudermill* requirements).[4]

## III.

Schleck and Kraft also allege that Alliegro deprived them of liberty interests without due process by publishing stigmatizing reasons for their termination and not providing them with a proper name-clearing hearing. A public employee has the right to a name-clearing hearing at a meaningful time if his termination is accompanied by publication of stigmatizing reasons for his termination that might impair future employment opportunities. *Cf. Loudermill* 470 U.S. at 542, 105 S.Ct. at 1493 (deprivation of liberty must be preceded by notice and a hearing);[5] *Board of*

---

3. The prior notice of the specifics of the charges against them, coupled with the opportunity to respond to the charges, sufficiently distinguishes this case from *Peery v. Brakke*, 826 F.2d 740, 743–44 (8th Cir.1987).

4. The fact that Minnesota state courts later determined that Schleck and Kraft were county employees and thus were entitled to a Veterans' Preference hearing before they could be terminated is of no consequence to our inquiry. When Alliegro fired Schleck and Kraft, it was unclear whether they were considered state or county employees. *See* Minn.Stat.Ann. § 383A.281, subd. 13 (West 1989) ("'County personnel system' [does not include employees of] ... (2) ... the second judicial district administrator's office."); *and* Minn.Stat.Ann. § 383A.286, subd. 2(i) (West 1989) (employees in the second judicial district administrator's

office are unclassified employees, which implies that such employees are county employees). The Minnesota Court of Appeals noted that "the[se] two laws appear to be inconsistent." *Schleck v. State*, 442 N.W.2d 359, 361 (Minn.Ct. App.1989). The Minnesota court ruled that the County "presented credible evidence in support of its position that it was not the employer of Kraft and Schleck." *Id.* at 363. Thus, even if by denying Schleck and Kraft Veterans' Preference hearings Alliegro violated their state law rights, such rights were neither "clearly established" at the time of their termination nor are they required under *Loudermill* as a matter of Due Process.

5. The analysis of *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), applies equally to liberty interests and property interests. Although other circuits

*Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972) (if a public employee's liberty interest is implicated through the tarnishing of his reputation that impairs his employment opportunities, he has the right to a name-clearing hearing).

Here, both Schleck and Kraft were afforded a pre-termination hearing that under *Loudermill* was sufficient to protect their liberty interest as well as their property interest. In addition, it is undisputed that Schleck and Kraft were offered an extensive post-termination hearing, which would have allowed the introduction of evidence and cross-examination of witnesses. Minn.Stat.Ann. §§ 14.60 and 43A.33 (West 1988). That such a hearing never was conducted because Schleck and Kraft declined to avail themselves of it does not give rise to a due process violation. *See Giglio v. Dunn,* 732 F.2d 1133, 1135 (2nd Cir.), *cert. denied,* 469 U.S. 932, 105 S.Ct. 328, 83 L.Ed.2d 265 (1984).

### IV.

As previously noted, Schleck and Kraft were notified adequately of the charges against them, were informed of the evidence against them, and were provided an opportunity to respond to those charges. Because the pre-termination notice and process given to Schleck and Kraft, coupled with the proffered post-termination hearings, did not violate their clearly established due process rights, Alliegro is entitled to qualified immunity on Schleck's and Kraft's Section 1983 claims. The District Court therefore erred in denying Alliegro's motion for summary judgment.

We reverse the order of the District Court and remand the case with directions that Alliegro's motion for summary judgment on the ground of qualified immunity be granted and that final judgment in her favor be entered.[6]

---

have ruled that only a post-termination name-clearing hearing is required, *see, e.g., Rosenstein v. City of Dallas,* 876 F.2d 392, 396 n. 8 (5th Cir.1989), *affirmed in relevant part,* 901 F.2d 61 (en banc) (per curiam), *cert. denied,* — U.S. —, 111 S.Ct. 153, 112 L.Ed.2d 119 (1990); *Rankin v. Independent School Dist. No. I–3,* 876 F.2d 838, 842 (10th Cir.1989), *cert. denied,* — U.S. —, 111 S.Ct. 786, 112 L.Ed.2d 849 (1991); *Buxton v. City of Plant City,* 871 F.2d 1037, 1046 (11th Cir.1989); *Lyons v. Barrett,* 851 F.2d 406, 410–12 (D.C.Cir.1988); *Baden v. Koch,* 799 F.2d 825, 830 (2nd Cir.1986); *see also Chilingirian v. Boris,* 882 F.2d 200, 205–06 (6th Cir.1989); *but cf. Conaway v. Smith,* 853 F.2d 789, 793 (10th Cir.1988), we have at least implied that a pre-termination name-clearing hearing may be required. *Hogue v. Clinton,* 791 F.2d 1318, 1322–23 (8th Cir.), *cert. denied,* 479 U.S. 1008, 107 S.Ct. 648, 93 L.Ed.2d 704 (1986). In so ruling, we relied on *Loudermill.* It necessarily follows, then, that to whatever extent a pre-termination name-clearing hearing is required in our Circuit, the scope of such a hearing is dictated by *Loudermill.* As previously discussed, *Loudermill* does not require an extensive pre-termination hearing when adequate post-termination procedures are available; " 'something less' than a full evidentiary hearing is sufficient." *Loudermill,* 470 U.S. at 545, 105 S.Ct. at 1495.

6. Because Alliegro is entitled to summary judgment on Schleck's and Kraft's federal law claims, their pendent state law claims against Alliegro should be dismissed. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").