# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2777

_____

Gregory Winskowski,

               Appellee,

      v.

City of Stephen,

               Appellant.

Appeal from the United States
District Court for the District of
Minnesota.

_____

Submitted: February 17, 2006
Filed: March 29, 2006

_____

Before WOLLMAN, ARNOLD and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.


Appellee Gregory Winskowski served as police chief for Appellant City of Stephen ("Stephen") from 1980 until Stephen terminated Winskowski's employment in 1998. Following the termination of his employment, Winskowski sued Stephen, claiming that Stephen violated Winskowski's procedural due process rights when it deprived Winskowski of his property interest in continued employment and his liberty interest in his good name.

At trial, a jury returned a verdict in Stephen's favor with respect to Winskowski's property interest claim but awarded Winskowski $125,001 in damages on Winskowski's liberty interest claim. Following trial, Stephen moved for judgment as a matter of law or, in the alternative, a new trial. Winskowski moved for a new trial on his property interest claim and for an award of attorney's fees. The district court denied Stephen's post-trial motions and Winskowski's motion for a new trial but awarded Winskowski $54,469.57 in attorney's fees. Stephen appealed. We reverse.

## I. BACKGROUND

Stephen is a Minnesota town with approximately 700 residents. Until December 1998, Stephen had its own police department, and Winskowski served as that police department's only full-time officer. Beginning in November 1998, Stephen's city council began considering proposals to disband its police department in favor of purchasing police protection from Marshall County. Winskowski attended a November 1998 council meeting at which the council discussed the police department's potential elimination. The council discussed the police department's elimination again at a December 7, 1998, meeting attended by Winskowski, his wife, a deputy sheriff from a nearby county and four other citizens of Stephen.

During the December 7, 1998, meeting, city councilperson Lenore Pietruszewski criticized Winskowski's job performance. Among Pietruskzewski's criticisms were that Winskowski: (i) failed to patrol the required number of hours; (ii) failed to follow rules for on-call duty; (iii) took more vacation than allowed; (iv) violated procedures for advising the county when he was off-duty; and (v) communicated poorly with the city council because he did not attend council meetings and did not keep the council informed about his days off work. Winskowski later testified that the December 7 meeting was a "job evaluation" and that Pietruszewski called Winskowski a liar who cheated the city.

In response to Pietruskzewski's criticisms, Winskowski asked for a grievance hearing. The city clerk scheduled the grievance hearing for the next meeting, which was held a week later on December 14, 1998. During the December 14 council meeting, the council was scheduled to determine the police department's budget for the next year. A Marshall County commissioner spoke at the meeting, telling the council what police protection the county could offer to Stephen. The council then discussed the likely savings if it contracted with the county for police protection.

After the council's discussion of the potential savings, the council went into closed session to allow Winskowski to speak. Winskowski's wife also attended the closed session. Winskowski read a prepared statement responding to Pietruszewski's criticisms. Following Winskowski's statement, the council went back into open session and voted three to two to obtain police services from the county. As a result, Winskowski's employment with Stephen was terminated.

After the termination of his employment, Winskowski did not ask for any additional public hearing but instead filed the instant suit. Winskowski made two different claims. First, Winskowski claimed that Stephen deprived Winskowski of his property interest in continued employment without sufficient due process. Second, Winskowski claimed that Stephen stigmatized him by publicly stating in connection with the termination of his employment that Winskowski was a liar, and that Stephen thereafter deprived Winskowski of a liberty interest in his good name by failing to offer Winskowski a sufficient opportunity to clear his name. Because the jury returned a verdict for Stephen on Winskowski's property interest claim, which Winskowski does not appeal, we address only the issue of whether the district court erred in denying Stephen judgment as a matter of law with respect to Winskowski's liberty interest claim.

## II. DISCUSSION

We review denial of a motion for judgment as a matter of law de novo using the same standards as the district court. *Keenan v. Computer Assocs. Int'l, Inc.*, 13 F.3d 1266, 1268 (8th Cir. 1994). Judgment as a matter of law for the defendant is warranted if there is insufficient evidence to support a jury verdict in the plaintiff's favor. *Id.* When reviewing a motion for judgment as a matter of law, this Court must: "(1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable inferences, and (4) deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn." *City Nat'l Bank of Fort Smith v. Unique Structures*, *Inc.*, 929 F.2d 1308, 1312 (8th Cir. 1991) (internal quotation omitted).

Winskowski's liberty interest claim is based upon Stephen's alleged failure to provide Winskowski with a name-clearing hearing after councilperson Pietruszewski criticized Winskowski's job performance at an open city council hearing. As we have held previously, "[a] government employee is entitled to procedural due process . . . when he has been deprived of a constitutionally protected . . . liberty interest. An employee's liberty interests are implicated where the employer levels accusations at the employee that are so damaging as to make it difficult or impossible for the employee to escape the stigma of those charges." *Winegar v. Des Moines Indep. Cmty. Sch. Dist.*, 20 F.3d 895, 900 (8th Cir. 1994) (internal citation omitted); *see also Mercer v. City of Cedar Rapids*, 308 F.3d 840, 845 (8th Cir. 2002); *Green v. St. Louis Hous. Auth.*, 911 F.2d 65, 69 (8th Cir. 1990).

Where a government employee has been sufficiently stigmatized, the employee's procedural due process rights are vindicated by a "name-clearing hearing at a meaningful time" during which the employee can respond to the employer's

-4-

accusations. *Schleck v. Ramsey County*, 939 F.2d 638, 642 (8th Cir. 1991). Although other circuits have determined that post-termination name-clearing hearings are sufficient to protect the employee's procedural due process rights, this Court has "at least implied that a pre-termination name-clearing hearing may [also] be required." *Id.* at 642 n.5 (citations omitted).

The minimum acceptable scope of a pre-termination name-clearing is dictated by the Supreme Court's decision in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985). *Schleck*, 929 F.2d at 642 n.5. Consistent with *Loudermill*, this Court has held that a pre-termination hearing "need not be elaborate." *Id.* at 641-42. To the contrary, all that is required is that the employee have "notice of the charges . . . , an explanation of the employer's evidence, and an opportunity [for the employee] to present his side of the story." *Id.* (quoting *Loudermill*, 470 U.S. at 546) (emendation in *Schleck*). Thus, for instance, an "informal meeting[ ] with supervisors" may constitute a sufficient pre-termination hearing. *Riggins v. Bd. of Regents*, 790 F.2d 707, 711 (8th Cir. 1986); *see also Coleman v. Reed*, 147 F.3d 751, 753-54 (8th Cir. 1998) (private meeting attended by employee, associate school superintendent and employee's attorney constituted sufficient pre-termination hearing).

Assuming without deciding that Winskowski was entitled to a name-clearing hearing based upon Pietruszewski's criticisms, we hold that Winskowski's meeting with the city council on December 14, 1998, constituted a sufficient pre-termination name-clearing hearing. Winskowski learned of the city council's charges and evidence a week before his December 14 grievance hearing. This amount of notice is certainly sufficient. *See, e.g.*, *Coleman*, 147 F.3d at 754 (holding that notice of charges and evidence contemporaneous with pre-termination hearing is sufficient). Moreover, the December 14 closed-session hearing afforded Winskowski a chance to respond to Pietruszewski's charges that was at least as complete as the hearings we approved in *Riggins* and *Coleman*.

Assuming that Winskowski was entitled to a post-termination name-clearing hearing, the only question remaining is whether Stephen improperly denied him one. Winskowski's claim in this regard fails in its incipiency because Winskowski never requested any post-termination process from Stephen. We have previously held that a government employee cannot recover for a due process violation where the employee simply failed to avail himself of the post-termination process that was available. *See, e.g., Schleck*, 939 F.2d at 643 ("That . . . a [post-termination] hearing never was conducted because Schleck and Kraft declined to avail themselves of it does not give rise to a due process violation."). We are not alone in our approach to the issue. *See, e.g., Grillo v. N.Y. City Transit Auth.*, 291 F.3d 231, 234 (2d Cir. 2002) (rejecting a liberty interest claim where an employee failed to avail himself of an available post-deprivation remedy).

Unlike the employer in *Schleck*, Stephen did not unilaterally offer Winskowski a name-clearing hearing. Accordingly, we must decide whether the principle enunciated in *Schleck* applies with equal force where the employer never offered a hearing, but the employee nevertheless failed to ask for one. We hold that it does. Nothing in our jurisprudence suggests that a government employee can legitimately sue for deprivation of the right to a post-termination hearing where he never asserted the right before suing for damages. Allowing an employee to claim damages for being deprived of a hearing never requested would greatly expand government employers' potential liability and force such employers prophylactically to offer name-clearings when it is not at all clear that the employee is entitled to—or even desires—one. It would also reward employees for lying in wait and later asserting a right that the employer had no reason to suspect the employee wanted to exercise in the first place. Although it appears that we have not directly answered this question before, we agree with the case law developed in other circuits that holds that an employee who fails to request post-termination process cannot later sue for having been deprived of it. *See, e.g., Wojcik v. Mass. State Lottery Comm'n*, 300 F.3d 92, 103 (1st Cir. 2002) (stating that, before an employee can succeed in a liberty interest deprivation claim, "the

government must have failed to comply with the employee's request for an adequate name-clearing opportunity"); *Quinn v. Shirey*, 293 F.3d 315, 321-22 (6th Cir. 2002) (holding that a § 1983 plaintiff must request a hearing before he can later claim that he was denied one); *Rosenstein v. City of Dallas*, 876 F.2d 392, 396 (5th Cir. 1989) (stating that the elements of a § 1983 claim based upon the lack of a name-clearing hearing include that the employee "requested a hearing in which to clear his name, and that the request was denied").

Winskowski argues that the law does not require a plaintiff actually to seek a name-clearing hearing before suing for failure to be granted one, relying upon *O'Donnell v. Barry*, 148 F.3d 1126 (D.C. Cir. 1998), and *Mercer v. City of Cedar Rapids*, 104 F. Supp. 2d 1130 (N.D. Iowa 2000), *aff'd on other grounds*, 309 F.3d 840 (8th Cir. 2002). Neither case supports his contention. While the *O'Donnell* court appears generally to reject an argument that the employee's "due process claims should be denied because he did not expressly seek a name-clearing hearing," the *O'Donnell* court was apparently addressing a possible D.C. Circuit requirement that plaintiffs suing for a procedural due process violation seek *in their litigation* a name-clearing hearing as a *remedy*. *Compare O'Donnell*, 148 F.3d at 1140 n.4., *with Doe v. Dept. of Justice*, 753 F.2d 1092, 1103-04 (D.C. Cir. 1985) (upon which *O'Donnell* relied). Such a requirement is not at issue here, and *O'Donnell* is inapposite. The district court's opinion in *Mercer* is equally unpersuasive. The *Mercer* court cited no law in support of its statement that "the law . . . does not appear to require the plaintiff to demand . . . a hearing." 104 F. Supp. 2d at 1149. More critically for our purposes, the plaintiff in *Mercer* sought to enforce his procedural due process rights before suing. *Id.* ("The record . . . demonstrates, beyond dispute, that Mercer affirmatively asserted a demand for redress of the 'procedural' due process violation prior to filing suit, but received no response."). As we have noted, this is exactly what Winskowski failed to do.

To the extent *O'Donnell* and *Mercer* might suggest that a plaintiff need not request additional post-termination process, we are not bound by their holdings, and we find them unpersuasive. Rather, we agree with the circuits cited above that, when suing for deprivation of a name-clearing hearing, a plaintiff must prove that he sought one before litigation. Winskowski's failure to do so here bars any recovery.[1]

## III.  CONCLUSION

Accordingly, we vacate the judgment against Stephen and remand the case with instructions to enter judgment for Stephen.[2]

_____

[1] Stephen also argues that Winskowski's pleadings did not put Stephen on fair notice concerning Winskowski's liberty interest claim and that the evidence did not support the damages. Because we reverse on other grounds, we need not reach these issues, and we express no opinion as to their merit.

[2] As Winskowski has not prevailed, the district court's award of attorney's fees is also vacated. *See* 42 U.S.C. § 1988 (attorney's fees available only if claimant prevails).