# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1904

_____

| | | |
|---|---|---|
| Terry Christiansen, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| West Branch Community School | * | |
| District; Board of Directors of | * | |
| West Branch Community School | * | |
| District; Craig Artist, Individually | * | |
| and as Superintendent of West | * | Appeal from the United States |
| Branch Community School | * | District Court for the |
| District; Kristopher Kober; | * | Northern District of Iowa. |
| Teresa Kober; Sara Oswald, | * | |
| Individually and as Middle School | * | |
| Principal of West Branch | * | |
| Community School District; Kathy | * | |
| Knoop, Individually and as a | * | |
| Member of the Board of West | * | |
| Branch Community School District; | * | |
| H.M.K., A Minor, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: October 26, 2011.
Filed: March 22, 2012

_____

Before RILEY, Chief Judge, WOLLMAN, and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

Plaintiff Terry Christiansen, a licensed Iowa educator, filed suit in Iowa state court against his employer, school officials, and private citizens following his termination, alleging various state-law claims as well as violations of his procedural and substantive due process rights under 42 U.S.C. § 1983. The case was removed to federal district court[1] where the court denied Christiansen's motion to remand, dismissed the § 1983 claims, and remanded the state-law claims to state court. Christiansen appeals the denial of his motion to remand and the dismissal of his § 1983 claims. We affirm.

## I. BACKGROUND

### A. Substantive Facts

At this juncture, we accept as true the following well-pleaded facts alleged in Christiansen's complaint. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). West Branch Community School District, located in West Branch, Iowa, employed Christiansen as a teacher, coach and bus driver between 2003 and February 2009. On September 19, 2008, student H.M.K. was being disruptive on Christiansen's bus. Christiansen asked H.M.K. to exit the bus but H.M.K. refused and made an offensive gesture. After Christiansen approached H.M.K., H.M.K. exited the bus and falsely accused Christiansen of improper physical contact. H.M.K. proceeded to tell his parents, Kristopher and Teresa Kober, and unnamed third parties that Christiansen had physically assaulted him. The Kobers relayed H.M.K.'s accusation to Kathy Knoop, a member of the school board, and unnamed third parties. Knoop, who had a "personal relationship" with Teresa Kober, passed along H.M.K.'s accusation to the West Branch Police Department and others.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Sara Oswald, principal of the West Branch middle school, initiated an investigation into H.M.K.'s accusation and generated a report. Upon the recommendation of Craig Artist, superintendent of the school district, the school board held a hearing to terminate Christiansen's employment. As a result of that hearing, Christiansen's contract was terminated by notice dated February 12, 2009. Artist and H.M.K., through his parents, then submitted complaints with the Iowa Board of Educational Examiners based on H.M.K.'s accusations.

Criminal assault charges were also filed against Christiansen based on H.M.K.'s accusations but Christiansen was acquitted by a jury following thirty minutes of deliberation. The school board terminated Christiansen before the jury returned its verdict.

### B.    Procedural Facts

In September 2010, Christiansen filed a complaint in Iowa state court against the West Branch Community School District, the school board, several school officials in their individual and official capacities (collectively, "West Branch"), and H.M.K. and his parents (collectively, the "Kobers"). The complaint alleged various state-law causes of action as well as substantive and procedural due process claims under 42 U.S.C. § 1983. The Kobers were served process on October 13, 2010. On October 19, West Branch filed a notice of removal, removing the case to federal district court on the basis of federal question jurisdiction. The Kobers did not sign the notice of removal.

On October 27, West Branch filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that Christiansen's complaint failed to state a claim upon which relief can be granted because Christiansen did not exhaust state remedies prior to filing suit. West Branch's brief in support of its motion to dismiss also stated, "[Christiansen] alleges a violation of 42 U.S.C. § 1983 in his [complaint], making

removal pursuant to 28 U.S.C. § 1441(a) appropriate under federal question jurisdiction." On November 5, the Kobers likewise filed a Rule 12(b)(6) motion to dismiss, asserting the same grounds as West Branch. In the motion's accompanying brief, the Kobers expressly "rel[ied] upon" West Branch's brief in support of its motion to dismiss. On November 12, Christiansen filed a motion to remand, asserting that removal was not proper because the Kobers failed to consent to removal within thirty days of service. The Kobers filed a "Consent to Removal" on November 16, formally expressing their consent to removal and contending that their motion to dismiss had already manifested such consent. West Branch filed a resistance to Christiansen's motion to remand on November 26, likewise asserting that the Kobers' motion to dismiss sufficiently conveyed consent to removal.

In March 2011, the district court ruled on Christiansen's motion to remand as well as the defendants' motions to dismiss. In its order, the court denied the motion to remand, holding that the Kobers' motion to dismiss and its accompanying brief sufficiently and timely manifested the Kobers' consent to removal. The court also dismissed Christiansen's procedural due process claims as unexhausted and his substantive due process claims as insufficiently pled. Finally, having dismissed all of Christiansen's federal claims, the district court declined to exercise supplemental jurisdiction over the remaining state-law claims and remanded them to state court. Christiansen appeals the denial of his motion to remand and the dismissal of his procedural and substantive due process claims.

## II.    DISCUSSION

### A.    Motion to Remand

Christiansen appeals the district court's denial of his motion to remand for lack of unanimous consent to removal. We review de novo the district court's denial of Christiansen's motion to remand. McLain v. Andersen Corp., 567 F.3d 956, 963 (8th

Cir. 2009). "Removal is authorized by 28 U.S.C. § 1441 and governed by [28 U.S.C.] § 1446.[2] Where there are multiple defendants, all must join in a [notice] to remove within thirty days of service." Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002). Although this so-called "unanimity requirement" is applied across federal jurisdictions, there is inter-jurisdictional disagreement regarding how a non-removing co-defendant must express consent to removal. 16 Georgene Vairo, Moore's Federal Practice–Civil § 107.11[1][c] (3d ed. 2011). In this circuit, it is not necessary for all defendants to actually sign the notice of removal so long as there is "some timely filed written indication from each served defendant . . . that the defendant has actually consented to the removal." Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008) (internal quotations omitted).

Here, the parties dispute whether the Kobers filed a timely written indication of their consent to removal. As stated above, the Kobers were served on October 13, 2010, West Branch filed a notice of removal on October 19, and the Kobers filed a motion to dismiss on November 5. The Kobers' brief in support of their motion to dismiss expressly incorporated West Branch's congruent brief, which stated, "[Christiansen] alleges a violation of 42 U.S.C. § 1983 in his [complaint], making removal pursuant to 28 U.S.C. § 1441(a) appropriate under federal question jurisdiction." On November 16, 2010–more than thirty days after service–the Kobers

---

[2]Congress recently amended 28 U.S.C. §§ 1441 and 1446. See Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. The instant action was "commenced" in state court with the filing of Christiansen's complaint in September 2010, see Iowa R. Civ. P. 1.301(1), and, therefore, the recent amendments to the removal statutes do not apply to this case. Pub. L. No. 112-63, § 105, 125 Stat. at 762 ("[T]he amendments made by this title shall take effect upon the expiration of the 30-day period beginning on [December 7, 2011], and shall apply to any action or prosecution commenced on or after such effective date. . . . [A]n action . . . commenced in State court and removed to Federal court shall be deemed to commence on the date the action . . . was commenced, within the meaning of State law, in State court.").

filed a formal "Consent to Removal" in response to Christiansen's motion to remand. The parties dispute whether the Kobers' motion to dismiss and its accompanying brief sufficiently conveyed consent to removal and, if not, whether the Kobers' untimely "Consent to Removal" cured any defect in removal procedure.

Relying on precedent from various federal district courts, Christiansen contends that "a non-removing defendant's filing of motions or pleadings in the federal court, without explicitly indicating consent to or joinder in the removal, is insufficient to satisfy the [unanimity requirement]." Hicks v. Emery Worldwide, Inc., 254 F. Supp. 2d 968, 975 (S.D. Ohio 2003). In response, West Branch and the Kobers rely on Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72 (1st Cir. 2009), and Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195 (6th Cir. 2004). In Esposito, the First Circuit recognized that removal statutes should be "narrowly construed," but refused to create a "wooden rule" that puts "form before function." 590 F.3d at 76-77. With these guideposts in mind, the court held that the unanimity requirement was satisfied where the non-removing defendant filed an answer within thirty days of service and subsequently opposed the plaintiff's motion to remand. Id. at 77. In Harper, the Sixth Circuit ruled that the unanimity requirement was satisfied where the defendant's answer, filed within thirty days of service, stated that the federal district court was the "proper jurisdiction and venue" for the case. 392 F.3d at 202.

We hold that the unanimity requirement was satisfied under the circumstances presented in this case. Like the First Circuit, we are disinclined to apply the unanimity requirement in a "hypertechnical and unrealistic manner." Bradley v. Maryland Cas. Co., 382 F.2d 415, 419 (8th Cir. 1967). In federal district court, the Kobers filed a motion to dismiss *and* submitted an accompanying brief, which (by incorporating West Branch's brief) expressed that removal was "appropriate." This constituted "some timely filed written indication" of the Kobers' consent to removal. Pritchett, 512 F.3d at 1062 (quotation omitted).

-6-

However, we recognize that this is a very close case and we are leery of establishing an overly elastic rule that strips the unanimity requirement of its utility. After all, the unanimity requirement serves important interests–it prevents duplicative litigation and bars one defendant from imposing his forum of choice on co-defendants. Esposito, 590 F.3d at 75. Thus, our holding is limited to the specific facts of this case. We express no opinion regarding whether the unanimity requirement may be satisfied by the mere filing of motion to dismiss (silent on removal) within thirty days of service, or the filing of a curative consent to removal after the thirty-day period. We also emphasize that non-removing defendants who wish to evince consent to removal should either sign the notice of removal or file a timely and unequivocal consent to such course of conduct.

## B. Motion to Dismiss

Next, Christiansen argues that the district court erred when it granted West Branch's motion to dismiss his § 1983 procedural and substantive due process claims. We review a district court's grant of a motion to dismiss de novo, Keating v. Nebraska Pub. Power Dist., 562 F.3d 923, 927 (8th Cir. 2009), and we may "affirm the judgment below on any ground supported by the record, whether or not raised or relied on in the [d]istrict [c]ourt." Wycoff v. Menke, 773 F.2d 983, 986 (8th Cir. 1985) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This pleading standard is satisfied if the complaint's "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A gallimaufry of labels, conclusions, formulaic recitations, naked assertions and the like will not pass muster. Twombly, 550 U.S. at 555-557.

### 1. Procedural Due Process Claims

Christiansen's complaint alleges that he was terminated based on H.M.K.'s false allegations of assault without procedural due process. "A government employee is entitled to procedural due process only when he has been deprived of a constitutionally protected property or liberty interest." Winegar v. Des Moines Indep. Cmty. Sch. Dist., 20 F.3d 895, 899 (8th Cir. 1994). West Branch concedes that Christiansen's complaint sufficiently alleges the deprivation of (1) a property interest–the termination of Christiansen's continued employment as a teacher, see id. (recognizing Iowa teacher's property interest in continued employment under Iowa Code § 279); and (2) a liberty interest–the damage of Christiansen's reputation caused by West Branch's stigmatizing accusations of physical assault of a student, see id. (concluding that an employee's liberty interest in his reputation is implicated where the employer levels accusations of criminality, including child abuse). "A public employee with a protected property interest in continued employment receives sufficient due process if he receives notice, an opportunity to respond to the charges before his termination, and post-termination administrative review." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001). Similarly, an employee fired under circumstances placing a stigma on his reputation is "entitled to notice and a 'name clearing' hearing."[3] Id. Due process does not require elaborate pre-termination procedures, especially where meaningful post-termination process is available. Id.

As we have previously recognized, Iowa's statutes afford teachers "fairly elaborate" pre-termination process. Yancy v. McDevitt, 802 F.2d 1025, 1028 (8th Cir. 1986). Under Iowa Code § 279.15(2)(a), the superintendent begins termination proceedings by submitting a recommendation of termination to the school board and

---

[3]Some circuits have held that due process only requires a post-termination name-clearing hearing, but we have "at least implied that a pre-termination name-clearing hearing may [also] be required." Winskowski v. City of Stephen, 442 F.3d 1107, 1110 (8th Cir. 2006) (alteration in original) (quotation omitted).

issuing the teacher a written notice containing a statement of reasons, "which shall be for just cause." Within five days of receiving the written notice, the teacher may request a private hearing before the school board. Id. § 279.15(2)(c). Unless otherwise agreed, the private hearing must be held between ten and twenty days after the teacher's request. Id. The teacher is permitted to review his complete personnel file, including all periodic evaluations. Id. § 279.15(2)(b). At least five days before the pre-termination hearing, the school board must furnish to the teacher any documentation that may be presented against him at the hearing as well as a list of the witnesses who may testify in support of termination. Id. § 279.15(2)(c). Likewise, the teacher must furnish his documentation and a list of his witnesses at least three days before the hearing. Id.

At the private hearing, the teacher is permitted to cross-examine the superintendent's witnesses and present his own witnesses and evidence. Id. § 279.16(1). The school board has the power to subpoena witnesses, and the proceedings of the hearing are recorded. Id. § 279.16(1), (2). At the conclusion of the hearing, the superintendent and teacher may submit written briefs to the board. Id. § 279.16(5). Within five days after the private hearing, the board must issue a written decision, complete with findings of fact and conclusions of law, and the board must mail notice of its decision to the teacher. Id. § 279.16(7), (9), (10).

The Iowa statutes also provide for extensive post-termination review. Specifically, a terminated teacher may appeal the board's decision to a mutually agreeable adjudicator. Id. § 279.17(2). While the adjudicator must give the board's findings of fact "weight," he is not bound by them. Id. § 279.17(4)(b). And, although the adjudicator's review is limited to the record made during the pre-termination hearing, id., the adjudicator may remand for the board to consider "additional evidence" if the evidence is material and there are "good reasons for failure to present [the evidence] in the private hearing." Id. § 279.17(5). The adjudicator "shall reverse, modify or grant any appropriate relief" if he determines that the board's decision is (a)

in violation of a board rule, policy, or contract; (b) unsupported by a preponderance of the evidence; or (c) unreasonable, arbitrary or capricious, or an abuse of discretion. Id. § 279.17(6)(a)-(c). If the teacher is unsatisfied with the adjudicator's decision, he may appeal to state district court. Id. § 279.18(1). The district court may "reverse, modify, or grant any other appropriate relief from [a] board decision or . . . adjudicator's decision" that is:

    a.      In violation of constitutional or statutory provisions; or
    b.      In excess of the statutory authority of the board or the adjudicator; or
    c.      In violation of a board rule or policy or contract; or
    d.      Made upon unlawful procedure; or
    e.      Affected by other error of law; or
    f.      Unsupported by a preponderance of the . . . evidence . . . ; or
    g.      Unreasonable, arbitrary or capricious or characterized by an abuse of discretion.

Id. § 279.18(2). Finally, the teacher may appeal the district court's decision to the Iowa Supreme Court. Id. § 279.18(3).

Here, the district court dismissed Christiansen's procedural due process claims as unexhausted because he failed to appeal his termination to an adjudicator under Iowa Code § 279.17. Christiansen asserts dismissal was improper on this basis because "exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983." Patsy v. Bd. of Regents, 457 U.S. 496, 516 (1982). But, our circuit has recognized a nuanced exception to Patsy that applies to certain procedural due process claims. Keating, 562 F.3d at 929. Especially relevant here, we have held that a government employee who chooses not to pursue available post-termination remedies cannot later claim, via a § 1983 suit in federal district court, that he was denied post-termination due process. See Winskowski v. City of Stephen, 442 F.3d 1107, 1110 (8th Cir. 2006) ("[A]n employee who fails to request post-termination process cannot later sue for having been

-10-

deprived of it."); <u>Riggins v. Bd. of Regents</u>, 790 F.2d 707, 712 (8th Cir. 1986) (holding that plaintiff waived procedural due-process challenge to post-termination grievance procedure because plaintiff failed to file a post-termination grievance). That said, we have also held that "it is not necessary for a litigant to have exhausted available *postdeprivation* remedies when the litigant contends that he was entitled to *predeprivation* process." <u>Keating</u>, 562 F.3d at 929. Thus, the effect of a government employee's failure to pursue available post-termination remedies depends on whether the employee alleges the deprivation of pre-termination process or post-termination process.

In this case, Christiansen failed to pursue available post-termination process. So, the district court properly dismissed Christiansen's procedural due process claims under <u>Riggins</u> and <u>Winskowski</u> to the extent they allege the denial of *post-termination* due process. But, Christiansen's complaint also alleges the denial of *pre-termination* process and, under <u>Keating</u>, the district court should not have dismissed such claims on the basis of Christiansen's failure to pursue post-termination remedies. 562 F.3d at 929 ("[Plaintiffs'] failure to exhaust postdeprivation remedies does not affect their entitlement to predeprivation process, and the district court should not have considered this failure in dismissing the claim."). We need not reverse the district court's judgment on this basis, however, because Christiansen's complaint fails to plausibly plead a deprivation of pre-termination process. <u>Wycoff</u>, 773 F.2d at 986 (we may affirm the district court on any basis supported in the record).

As stated above, pre-termination process need not be elaborate to satisfy due process. Indeed, even an informal meeting with supervisors is sufficient where the employee is given notice of the charges, an explanation of the employer's evidence, and an opportunity to respond. <u>Winskowski</u>, 442 F.3d at 1110. Yet, Iowa's statutes afford teachers formal and extensive pre-termination process that includes written notice, a private hearing, presentation of evidence, cross-examination of witnesses, and the submission of written arguments. Christiansen's complaint acknowledges that

he was afforded a hearing before the school board, but fails to allege well-pleaded facts regarding what process Christiansen was denied before or during the hearing. Instead, the complaint formulaically pleads that Christiansen was terminated without a "complete . . . pre-termination hearing, and required prehearing processes" and cryptically alleges that the board "disregard[ed] evidence which tended to exonerate [Christiansen]." These "naked assertion[s]" without "factual enhancement" are insufficient to state a plausible claim for relief. Twombly, 550 U.S. at 557.

Christiansen's complaint also alleges that his due process rights were violated because the school board conducted the pre-termination hearing before the jury rendered its decision in Christiansen's criminal assault case. But, we have rejected the notion that pre-termination due process requires a delay between notice and a public employee's opportunity to respond. Coleman v. Reed, 147 F.3d 751, 754 (8th Cir. 1998). Due process simply did not require the school board to delay its "just cause" determination until after an Iowa jury decided whether the prosecutor proved, beyond a reasonable doubt, that Christiansen's conduct satisfied the elements of criminal assault under Iowa law. We also note that Iowa Code § 279.15(2)(c) provides that the school board's pre-termination hearing must be held "no later than twenty days following the receipt of the [teacher's request for a hearing] *unless the parties otherwise agree*." (emphasis added). Christiansen does not allege that he sought, but was denied, more time to prepare for his hearing.

Finally, the complaint alleges that Christiansen was not afforded "fair and impartial" pre-termination process. While an impartial adjudicator is a basic requirement of due process, Withrow v. Larkin, 421 U.S. 35, 46 (1975), there is a "presumption of honesty and integrity in policymakers with decisionmaking power." Hortonville Joint Sch. Dist. No. 1 v. Hortonville Educ. Ass'n, 426 U.S. 482, 497 (1976). In an attempt to state a claim of unconstitutional bias, Christiansen's complaint pleads that school-board member Kathy Knoop had a "personal relationship" with H.M.K.'s mother, H.M.K.'s mother told Knoop about H.M.K.'s

accusations, and Knoop told police and others about the accusations. Knoop then sat in a decisionmaking capacity on the school board during Christiansen's pre-termination hearing.[4]  These facts, accepted as true, are insufficient to raise Christiansen's right to relief "above the speculative level." Twombly, 550 U.S. at 555; see Tumey v. Ohio, 273 U.S. 510, 523 (1927) ("[M]atters of kinship . . . would seem generally to be matters merely of legislative discretion."); Peterson v. County of Dakota, 479 F.3d 555, 560 n.2 (8th Cir. 2007) (holding allegations that adjudicator had gossiped about plaintiff, called plaintiff dishonest, and was friends with a supervisor who called plaintiff incompetent did not "come[] close" to overcoming presumption of adjudicator's honesty and integrity); Gordon v. Hansen, 168 F.3d 1109, 1114 (8th Cir. 1999) (per curiam) (holding allegations that adjudicator acted as both investigator and decisionmaker did not state a claim of unconstitutional bias); cf. Caperton v. A.T. Massey Coal Co., 129 S. Ct. 2252, 2256, 2264-65 (2009) (finding unconstitutional "probability of actual bias" in "extreme" case where a judge refused to recuse himself from an appeal involving a corporate appellant where the corporation's officer donated $3 million to the judge's campaign between trial and the appeal).

## 2.    Substantive Due Process Claims

Christiansen also argues that the district court erroneously dismissed his substantive due process claims as insufficiently pled.  To state a substantive due process claim, Christiansen "must allege that a government action was sufficiently outrageous or truly irrational, that is, something more than . . . arbitrary, capricious, or in violation of state law." Young, 244 F.3d at 628 (alteration in original) (internal quotations omitted).  This is a high standard, as

---

[4]The complaint also alleges that Oswald, the middle school principal, and Artist, the superintendent, were biased, but these allegations amount to mere "naked assertion[s]" lacking in necessary "factual enhancement." Twombly, 550 U.S. at 557.

[s]ubstantive due process is concerned with violations of personal rights . . . so severe . . . so disproportionate to the need presented, and . . . so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to brutal and inhumane abuse of official power literally shocking to the conscience.

C.N. v. Willmar Pub. Schs., Indep. Sch. Dist. No. 347, 591 F.3d 624, 634 (8th Cir. 2010) (alterations in original) (quotation omitted). "The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions." Bishop v. Wood, 426 U.S. 341, 350 (1976).

Judged against the current federal pleading standard, Christiansen's complaint fails to state a viable substantive due process claim. As Christiansen acknowledges in his brief, the basis of his claim is that H.M.K. made a false accusation against Christiansen and, as alleged in the complaint, the West Branch defendants "knew or should have known [H.M.K.'s accusations] were false and deceptive" when West Branch terminated Christiansen. While Christiansen contends that this "knew or should have known" allegation is a fact entitled to an assumption of truth, Iqbal counsels otherwise. See Iqbal, 129 S. Ct. at 1951 (disregarding conclusory allegation that defendants "knew of, condoned, and willfully and maliciously" subjected defendant to harsh conditions). And, when this and other unadorned accusations in the complaint are set aside, it becomes clear that Christiansen failed to plead facts that would allow a trier of fact to "draw the reasonable inference that [the West Branch defendants are] liable for the misconduct alleged." Id. at 1949.

Christiansen asserts that even if he failed to state a plausible claim for relief, the district court erroneously dismissed his complaint under Iqbal and Twombly without prior notice and an opportunity to respond. He emphasizes that West Branch's Rule 12(b)(6) motion to dismiss was based solely on Christiansen's failure to exhaust state remedies, not the complaint's failure to plausibly plead a substantive due process claim. To be sure, before a motion to dismiss under Rule 12(b)(6) is decided, the

-14-

plaintiff is typically given notice and an opportunity to amend his complaint. Neitzke v. Williams, 490 U.S. 319, 329 (1989). "These procedures alert [the plaintiff] to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations." Id. at 329-30. We have held, however, that even where a district court exercises its power to sua sponte dismiss a claim (without *any* pending motion to dismiss), the court's failure to give the plaintiff notice and an opportunity to respond before doing so is not reversible error if "it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint." Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991). Here, it is patently obvious that Christiansen failed to plausibly plead a substantive due process claim. Therefore, any error by the district court on this point does not merit reversal.

Christiansen asserts that he is entitled to a remand because, if the district court had given him notice that his claims would be governed by Iqbal and Twombly instead of Iowa's no-set-of-facts pleading standard, he "may well have" pled additional facts to support his substantive due process claims. This argument is unconvincing for two reasons. First, Christiansen only equivocally asserts that he *may* have amended his complaint if given notice and an opportunity to respond. Second, Christiansen filed his complaint in state court in September 2010 and the case was removed to federal court in October 2010–more than a year after Iqbal was decided in May 2009, and more than three years after Twombly was decided in May 2007. By including federal claims in his state-court complaint, "[Christiansen] subjected himself to the possibility that the defendants would remove the case to federal court," Williams v. Ragnone, 147 F.3d 700, 703 (8th Cir 1998), where his complaint would be governed by the current federal pleading standard. See Fed. R. Civ. P. 81(c)(1) (providing that the Federal Rules of Civil Procedure apply to civil actions removed from state court); Council Tower Ass'n v. Axis Specialty Ins. Co., 630 F.3d 725, 730 (8th Cir. 2011) (applying federal pleading standard to claims removed to federal district court); 32 Am. Jur. 2d Federal Courts § 351 (2d ed. 2012) ("Pleading

requirements or standards are governed by federal law.").  Although this case lingered in federal district court for over five months, Christiansen never sought leave to amend his complaint to conform to the current federal pleading standard, even though leave to amend shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Remand is not appropriate under these circumstances.

## III.    CONCLUSION

We affirm the judgment of the district court.

_____