*593 SHEPHERD, Circuit Judge,
concurring.
I concur in the judgment of the majority affirming the dismissal of Raymond’s § 1983 procedural due process claims but I write separately to express two points. First, aside from a few sweeping generalities,[7] Raymond’s briefing invokes only post-termination due process requirements and he does not appeal the district court’s ruling as to the pre-termination procedures. I therefore would refrain from any discussion of Raymond’s pre-termination due process rights. Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740 (8th Cir. 1985) (issues not raised in a party’s brief are deemed abandoned).
Second, regarding post-termination due process, Raymond’s futility argument is unsupported. As the majority notes, the cases recognizing futility as an exception to the exhaustion requirement do not involve § 1983 procedural due process claims. See McCarthy v. Madigan, 503 U.S. 140, 149, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) (Bivens claim for money damages); Brown v. J.B. Hunt Transp. Servs., Inc., 586 F.3d 1079, 1085 (8th Cir. 2009) (ERISA action); Ace Prop. & Cas. Ins. Co. v. Fed. Crop Ins. Corp., 440 F.3d 992, 1000 (8th Cir. 2006) (breach of contract claim under the Federal Crop Insurance Act). Rather, the law in this context is settled: Futility is not an exception to the requirement that a litigant exhaust his state remedies in order to pursue a § 1983 procedural due process claim. See Christiansen v. W. Branch Cmty. Sch. Dist., 674 F.3d 927, 935-36 (8th Cir. 2012) (“[A] government employee who chooses not to pursue available post-termination remedies cannot later claim, via a § 1983 suit in federal district court, that he was denied post-termination due process.”); Winskowski v. City of Stephen, 442 F.3d 1107, 1110 (8th Cir. 2006) (“[A]n employee who fails to request post-termination process cannot later sue for having been deprived of it.”). Our court rejected an argument similar to Raymond’s futility claim in Riggins v. Board of Regents of University of Nebraska, 790 F.2d 707, 711-12 (8th Cir. 1986). In that case, a terminated employee alleged that the University’s process for post-termination grievances was constitutionally insufficient because it would not have allowed her to confront or cross-examine witnesses. Id. at 711. After concluding that the process would have been adequate, the court stated that, nonetheless, the plaintiff “chose not to file a grievance. In so choosing, she waived any claim that the grievance procedure did not afford her the process she was due.” Id. at 712. Since Riggins, we have consistently held that a plaintiff cannot bring a § 1983 procedural due process challenge to the adequacy of post-deprivation remedies without first exhausting those remedies. Hopkins v. City of Bloomington, 774 F.3d 490, 492 (8th Cir. 2014); Christiansen, 674 F.3d at 935-36; Winskowski, 442 F.3d at 1110.
Because Raymond’s invocation of futility lacks legal authority, there is no need to analyze whether the University’s post-termination procedures were in fact futile. I instead conclude that Raymond waived his § 1983 procedural due process claim by failing to pursue the post-termination processes available to him and his claim therefore fails as a matter of law. Christiansen, 674 F.3d at 936.

. For example: "Raymond claims that the entire process was infected from start to finish.” And: "Raymond was never, pre-termination or post-termination, ... given the right to confront and cross-examine [witnesses].”