HOWARD, Circuit Judge.
In this diversity action involving a products liability claim, Robert Esposito challenges the district court’s decision to grant summary judgment to the defendants, Dewalt Industries, Black & Decker, and Home Depot. Esposito argues on appeal that the case was improperly removed to federal court and that the district court erroneously precluded his expert witness. We reject the argument based on improper removal, but we agree that, in the circumstances of this case, the expert witness should not have been precluded. Accordingly, we vacate the district court’s entry of summary judgment and remand for further proceedings.
I. Facts
In March 2003, while he was operating a power saw manufactured by Dewalt Industries (“Dewalt”), Robert Esposito’s left hand came into contact with the saw’s unguarded blade. The saw severed three of his fingers, none of which could be reattached. In March 2006, Esposito filed a complaint in Rhode Island state court against Dewalt, Black & Decker (the company that packaged the saw), and Home Depot (the company that sold the saw). Esposito claimed that the saw was defective because its blade guard did not en *74 gage properly and that the defendants were jointly and severally liable for his injury. Home Depot was served with the complaint on March 17. The other defendants were served on March 21.
On April 3, two of the defendants, Dewalt and Black & Decker, filed a notice of removal in the United States District Court for the District of Rhode Island. On April 13, the other defendant, Home Depot, filed its answer in federal court.
On May 3, Esposito moved to remand the matter back to the state court. In support of his motion, he claimed a defect in the removal process in that Home Depot had not consented to removal within the thirty-day period as required by statute. See 28 U.S.C. § 1446(b). That failure, Esposito claimed, breached the unanimity requirement: that each defendant in a multidefendant case consent to removal within thirty days of receiving service. The defendants opposed Esposito’s motion.
The district court denied the motion, concluding that Home Depot’s answer, which had been filed in federal court within the thirty day period, constituted consent to removal under the circumstances. Esposito v. Home Depot U.S.A., Inc., 436 F.Supp.2d 343, 347 (D.R.I.2006).
In July 2006, the district court set pretrial discovery and disclosure deadlines, including a deadline for the written disclosure of experts under Rule 26 of the Federal Rules of Civil Procedure. These deadlines were pushed back twice: first at the request of the defendants and second at the request of Esposito. The second extension required the parties to wrap up fact discovery by May 31, 2007; Esposito to disclose experts by June 21; and the defendants to disclose experts by July 14. Dispositive motions were due by August 16.
Operating under this revised timetable, the parties and their respective experts arranged to participate in a joint examination of the saw. At this examination, which took place on April 20, Steven Thomas inspected the saw on Esposito’s behalf. Thomas’s curriculum vitae had been sent to the defendants prior to this examination. When the time came to disclose Thomas as his expert, however, Esposito failed to do so. Instead, on August 1, he filed a motion requesting that the court further extend the relevant deadlines by ninety days. The defendants opposed Esposito’s extension request and on August 3 they filed a summary judgment motion premised on the plaintiffs lack of an expert.
The magistrate judge denied Esposito’s request for a further extension, and Esposito appealed this decision to the district court. Expressing reluctance, the district court nevertheless endorsed the magistrate judge’s decision and denied Esposito’s motion for an extension. The court recognized that the denial of the plaintiffs request for an extension amounted to a dispositive ruling, noting that “Both of the parties acknowledge that the decision to exclude [Esposito’s] expert as a result of missing the discovery deadlines will, without much doubt, effectively dispose of the case.” Nevertheless, the district court concluded that the denial of the extension, which precluded Esposito’s expert, was justified. In so concluding, the district court noted that Esposito had failed to offer a legitimate reason for missing the deadline. The court also expressed its concern that lesser sanctions, such as the imposition of fines and costs, might “send the message that noncompliance or inattention to deadlines can be purchased for a price.”
As predicted, the district court’s ruling sounded the death knell for Esposito’s *75 case. The magistrate judge recommended that the district court grant the defendants’ motion for summary judgment and the district court agreed, entering judgment for the defendants.[1] This appeal followed.
II. Discussion
We first examine the removal issue, turning then to the sanction question.
A. Removal
Under the removal statute, a defendant in a state court action may remove the action to federal court so long as the plaintiff could have originally filed the action in federal court. See 28 U.S.C. § 1441 (permitting removal of cases where the federal court would have had “original jurisdiction”). Where the action involves multiple defendants, however, the right of removal is subject to the so-called “unanimity requirement.” See Chicago, Rock Island & Pac. Ry. Co. v. Martin, 178 U.S. 245, 247-48, 20 S.Ct. 854, 44 L.Ed. 1055 (1900). This requirement is at issue in this case.
The unanimity requirement is derived from 28 U.S.C. § 1446, which sets forth the procedure for removing a state action to federal court. Loftis v. UPS, 342 F.3d 509, 516 (6th Cir.2003). In a case where a plaintiff has sued multiple defendants in state court, an “all for one and one for all” rule applies with respect to removal. See Chicago, Rock Island & Pac. Ry. Co., 178 U.S. at 247-48, 20 S.Ct. 854. That is, subject to a few exceptions not applicable here, all defendants must consent to remove the case for removal to be effected. Id.; see also 11C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3731 (3d. ed. 1998) (“Ordinarily, all of the defendants in the state court action must consent to the removal.... ”).
The requirement of unanimity serves the interests of plaintiffs, defendants and the judiciary. Plaintiffs are advantaged, because, were the right to removal an independent rather than joint right, defendants could split the litigation, forcing a plaintiff to pursue its case in two separate forums. See Sansone v. Morton Mach. Works, Inc., 188 F.Supp.2d 182, 184 (D.R.I.2002) (citing Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n. 11 (5th Cir.1988)). Defendants also stand to benefit from the requirement, as it precludes one defendant from imposing his choice of forum on a co-defendant. Id. (citation omitted). And the unanimity requirement prevents the needless duplication of litigation, thereby preserving court resources and eliminating the unattractive prospect of inconsistent state and federal adjudications. Spillers v. Tillman, 959 F.Supp. 364, 369 (S.D.Miss.1997).
The defect in the removal process resulting from a failure of unanimity is not considered to be a jurisdictional defect, and unless a party moves to remand based on this defect, the defect is waived and the action may proceed in federal court. See Loftis, 342 F.3d at 516-17; see also 11C Wright, Miller & Cooper, Federal Practice and Procedure § 3739 (“After the expiration of the thirty-day period following the filing of the removal notice, the right to object to nonjurisdictional defects in the removal process is considered waived.”).
Here, Esposito timely objected to the perceived failure of the defendants to comply with the unanimity requirement. Before the district court, as he does now, Esposito argued that Home Depot failed to *76 consent to removal within the statutorily-prescribed thirty-day period. The district court rejected this argument. As noted above, it concluded that Home Depot’s answer in federal court, filed within the applicable thirty day period, constituted consent to removal under the circumstances of the case. Our review of this conclusion is de novo. Loftis, 342 F.3d at 514.
Although the unanimity requirement itself is well-settled, the various ways that it may be satisfied are less so. We have not spoken directly to the question, but a number of guideposts do exist.
The removal statute itself speaks generally to the manner of removal. In relevant part, section (a) provides that:
[A] defendant or defendants desiring to remove any civil action ... from a State court shall file in the [appropriate] district court of the United States a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
28 U.S.C. § 1446(a).
Consistent with this statute, a defendant may express its desire to remove by signing the notice of removal filed by co-defendants. But, the consensus among courts is that conduct less explicit than joining the notice will suffice. See Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008) (“[E]ach defendant need not necessarily sign the notice of removal.”) (citation omitted); Getty Oil Corp., Div. of Texaco, Inc., 841 F.2d at 1262 n. 11 (“This does not mean that each defendant must sign the original petition for removal”); see also Sansone, 188 F.Supp.2d at 184; Tate v. Mercedes-Benz USA, Inc., 151 F.Supp.2d 222, 224 (N.D.N.Y.2001).
Although a few courts have gone so far as to say that a defendant may orally consent to removal before the district court, Colin v. Schmidt, 528 F.Supp. 355, 358-59 (D.R.I.1981), Clyde v. Nat’l Data Corp., 609 F.Supp. 216, 218 (N.D.Ga.1985), courts typically require some type of writing that evinces consent, Loftis, 342 F.3d at 517 (“[A]ll defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days .... ” (emphasis added)); see also Pritchett, 512 F.3d at 1062; Gillis v. Louisiana, 294 F.3d 755, 759 (5th Cir.2002); Roe v. O’Donohue, 38 F.3d 298, 301 (7th Cir.1994); Tate, 151 F.Supp.2d at 224.
What type of writing will be satisfactory engenders yet another divergence of opinion. Some courts have held that an answer by a defendant that is silent on removal may nevertheless establish consent, while other courts have reached the opposite conclusion. Compare Hernandez v. Six Flags Magic Mountain, Inc., 688 F.Supp. 560, 562 (C.D.Cal.1988) (holding that an answer silent on removal can establish consent), and Glover v. W.R. Grace & Co., Inc., 773 F.Supp. 964, 965 (E.D.Tex.1991) (same), with Local Union No. 172 v. P.J. Dick, Inc., 253 F.Supp.2d 1022, 1025 (S.D.Ohio 2003) (holding that an answer filed that fails to expressly consent to removal does not satisfy the unanimity requirement), and Unicom Sys., Inc. v. Nat’l Louis Univ., 262 F.Supp.2d 638, 643 & n. 6 (E.D.Va.2003) (same). At least one court has held that a defendant’s answer is insufficient to establish consent to removal even where it explicitly acknowledges the removal of the case to federal court. Prod. Stamping Corp. v. Md. Cas. Co., 829 F.Supp. 1074, 1077 (E.D.Wis.1993).
Although mindful of the principle that removal statutes are to be narrowly construed, Shamrock Oil & Gas Corp. v. *77 Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), we nevertheless are not inclined to establish a wooden rule, regardless of whether such a rule would have the benefit of promoting clarity. And in this particular case, even assuming that Home Depot’s answer failed to satisfy the unanimity requirement, resulting in a technical defect in the removal process, the defect was subsequently cured when Home Depot opposed Esposito’s remand motion, thereby clearly communicating its desire to be in federal court. See Harper v. AutoAlliance Int’l, Inc., 392 F.3d 195, 202 (6th Cir.2004) (“In addition, the fact that [the defendant] opposed [the plaintiffs] motion to remand cured any purported defect in the removal petition.”). Because this cure occurred prior to the entry of summary judgment, a remand to the state court was not required. Cf. Caterpillar Inc. v. Lewis, 519 U.S. 61, 76, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996); see Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir.1998) (citing Caterpillar, 519 U.S. at 77, 117 S.Ct. 467, for the proposition that “a procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court”).
In a case such as this one, where the parties have already invested valuable resources in pursuing this litigation in federal court and where a remand to state court would not serve the purposes of the unanimity requirement, reaching an opposite conclusion would place form before function. Parrino, 146 F.3d at 703; Glover, 773 F.Supp. at 965, 11C Wright, Miller & Cooper, Federal Practice and Procedure § 3739 (“[T]he preferable result seems to be to continue to allow procedural defects in the removal procedure be cured so the removed action can remain in federal court. A contrary conclusion does not seem consistent with the statutory character of the removal right and seems too technical.”). We refuse to do so, and thus uphold the denial of the remand motion.
Of course, it is undoubtedly the better practice for a defendant who wants to be in federal court to join the removal notice explicitly, either by signing the notice itself or by filing its consent. By failing to do so in this case, Home Depot ran the risk that the district court might find a breach of the unanimity requirement and remand this action to the state court, a decision we would have been powerless to review. 28 U.S.C. § 1447(d) (a district court’s order remanding a case to the state court from which it was removed is unreviewable on appeal or otherwise); Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 133, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995); Gonzalez-Garcia v. Williamson Dickie Mfg. Co., 99 F.3d 490, 491-92 (1st Cir.1996).
B. Discovery Sanction
The Federal Rules of Civil Procedure provide the basic framework for disclosure of experts. Rule 26 requires a party to “disclose to other parties the identity of any person who may be used at trial to present [expert] evidence.” Fed.R.Civ.P. 26(a)(2)(A). Where a district court has established a disclosure date, as in this case, a party must disclose the expert’s identity at this ordered time. Id. at (a)(2)(C). If a party’s expert disclosure is untimely, the party is not allowed to use that witness or relevant expert information “to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.” Fed. R.Civ.P. 37(c)(1).
Preclusion, however, “is not a strictly mechanical exercise.” Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este, 456 F.3d 272, 276 (1st Cir.2006). And, in its discretion, the district court *78 may choose a less severe sanction. Id.; see also Laplace-Bayard v. Battle, 295 F.3d 157, 162 (1st Cir.2002) (“[District courts have broad discretion in meting out ... sanctions for Rule 26 violations.”) (citation omitted).
Where a district court does opt in favor of preclusion, we review that decision with reference to a host of factors, including: (1) the history of the litigation; (2) the sanctioned party’s need for the precluded evidence; (3) the sanctioned party’s justification (or lack of one) for its late disclosure; (4) the opponent-party’s ability to overcome the late disclosure’s adverse effects — e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure’s impact on the district court’s docket. Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir.2003); see also Santiago-Diaz, 456 F.3d at 276-77. When reviewing the district court’s sanction decision we must keep in mind that district courts are generally in a better position to determine the propriety of a particular sanction and, accordingly, our review of the district court’s ultimate choice is deferential. Anas, 321 F.3d at 51 (“Because trial judges tend to have an intimate knowledge of the variables that enter into the equation, appellate review of sanctions orders is deferential.”) (citations omitted); Fashion House, Inc. v. K mart Corp., 892 F.2d 1076, 1082 (1st Cir.1989). Consistent with this deference, we review a district court’s decision to exclude expert evidence for an abuse of discretion, understanding that the sanctioned party shoulders a “heavy burden” when attempting to show that such an abuse has occurred. See Santiago-Diaz, 456 F.3d at 275.[2]
Here, the district court was undoubtedly entitled to impose some type of sanction on Esposito. Esposito failed to comply with a court-imposed deadline that he himself had suggested, and he could not offer a legitimate justification for his non-compliance. And despite Esposito’s argument that the appearance of his expert at the inspection of the saw constituted an “informal disclosure,” the rules require formal disclosure for a reason: without it, parties like the defendants in this case may be hindered in their ability to prepare effectively for trial. See Fed.R.Civ.P. 26(a)(2)(B) (establishing that, “[u]nless otherwise stipulated or ordered by the court,” the formal disclosure of an expert “must be accompanied by a written report” that contains a host of information relevant to the expert’s testimony).
Nevertheless, whether the facts here justified the actual sanction imposed — the preclusion of the expert witness' — -is a closer question. We start by stating the obvious. The sanction here had serious consequences. Esposito’s need for the expert was so great that the magistrate judge’s decision to preclude the expert, although technically not a dismissal of Esposito’s case, effectively amounted to one. See Primus v. United States, 389 F.3d 231, 234 (1st Cir.2004). The district court acknowledged as much when it affirmed the magistrate judge’s imposition of the sanction, observing that “Both of the parties ac *79 knowledge that the decision to exclude the Plaintiffs expert as a result of missing the discovery deadlines will, without much doubt, effectively dispose of the case.”
Because all parties acknowledged that the sanction carried the force of a dismissal, the justification for it must be comparatively more robust. Young v. Gordon 330 F.3d 76, 81 (1st Cir.2003) (“To be sure, dismissal ordinarily should be employed as a sanction only when a plaintiffs misconduct is extreme.”); Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir.2002) (recognizing that dismissal should not be granted “casually”). After considering the other relevant factors described above, we conclude that the circumstances here do not justify such strong medicine.
In reaching this conclusion, we view the history of the litigation as particularly enlightening. This is not a case of a party repeatedly balking at court-imposed deadlines. Esposito missed one deadline and requested an extension of the pre-trial and trial dates after missing that deadline, albeit several weeks after the deadline had passed. Compare Santiago-Diaz, 456 F.3d at 277 & n. 4 (noting, in upholding the preclusion of a late-disclosed expert witness, that the sanctioned party’s “dereliction was both obvious and repeated” and that “[t]he record makes manifest that the plaintiff was guilty of several discovery violations besides those related to her expert witness”). Nor is this a case where the sanctioned party ignored pre-sanction warnings from the district court. See Young, 330 F.3d at 79. Nor does this case involve, from all appearances, an act of calculated gamesmanship on the part of the sanctioned party. Neither the defendants nor the district court in this case have characterized Esposito’s failure to comply with the disclosure deadline as strategic in nature.
To be sure, not every factor cuts in Esposito’s favor. First, he never offered a legitimate reason for his late disclosure. See Macaulay, 321 F.3d at 52 (finding that the district court’s preclusion of the expert evidence was appropriate where, among other things, “the appellant [had not] advanced any real justification for [the] tardy emergence [of the expert’s report]”). Second, although the defendants here do not discuss in any great detail how the late disclosure prejudiced them, they obviously went through the pains of preparing a dispositive summary judgment motion premised on Esposito’s lack of an expert in an expert-dependent case. See Gagnon v. Teledyne Princeton, Inc., 437 F.3d 188, 198 (1st Cir.2006) (“[Prejudice also exists in [the defendants] having prepared a dis-positive motion for summary judgment predicated on the preclusion of the expert testimony.”); Primus, 389 F.3d at 236. And finally, Esposito’s failure to disclose his expert by the scheduled date had a clear effect on the district court’s docket. In his motion to extend, Esposito sought to push back the relevant pre-trial and trial dates by ninety days, requiring the district court to further move dates that had already been extended twice.
Even taking these considerations into account, however, we still must face up to the fact that we are presented with a fatal sanction levied for a single oversight. We have not been able to uncover a case from this circuit sustaining a comparable sanction under similar circumstances. See Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 5 (1st Cir.2006) (“Defendants do not cite to us, and we have been unable to find, a case from this circuit sustaining a dismissal with prejudice imposed solely for a single allegation of noncompliance with a single (albeit multi-part) discovery order— at least where that non-compliance was never brought to the plaintiffs’ attention *80 by the court prior to dismissing the case.”); see also Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 44 (1st Cir.2007) (same). In our view, a less severe remedy could have easily achieved the same aims as the preclusion of the expert while still giving Esposito, potentially the innocent victim of a defective product, his day in court. Malot, 478 F.3d at 43 (recognizing “the strong presumption in favor of deciding cases on the merits”); Young, 330 F.3d at 81 (referencing the “salutary policy favoring the disposition of cases on the merits”).
The defendants urge us to uphold the district court’s sanction. They rely principally on our decisions in Tower Ventures, Inc. and Young. In both of these cases, we upheld a district court’s decision to dismiss the case of a party that had failed to comply with case-management deadlines. Tower Ventures, Inc., 296 F.3d at 48; Young, 330 F.3d at 83. In each of those cases, however, the conduct of the sanctioned party was measurably more egregious than Esposito’s conduct was here.
In Tower Ventures, Inc., the sanctioned party, Tower Ventures, had committed “serial violations of the court’s scheduling order.” 296 F.3d at 45. The violations were missed discovery deadlines, and the final one was particularly flagrant: Tower Ventures waited eighty-one days after the discovery deadline had passed, and eighteen days after its motion for summary judgment was due, to ask the court for a further extension. Id. By that time, the district court had already issued a show cause order, asking Tower Ventures why its action should not be dismissed with prejudice. Id.
In Young, the district court dismissed Young’s case because of Young’s “repeated failures to comply with court orders.” 330 F.3d at 78. In particular, Young (i) failed to join the opposition in filing a joint statement containing a proposed pretrial schedule as ordered by the court; (ii) did not respond to the opposition’s counter-claims until the court warned him that his failure to do so could result in a dismissal; and (iii) refused to appear for his own deposition, even after the court ordered him to appear and warned him that a failure to do so could result in a dismissal of his action. Id. at 79.
Here, by contrast, Esposito missed only one court-scheduled deadline, and his behavior was not nearly as brazen as the behavior of the sanctioned parties in either of those cases. He neither engaged in the same level of foot-dragging as was present in Tower Ventures, nor sloughed off a warning from the district court like the plaintiff in Young.
We do not wish to casually discount the district court’s concern that a lesser sanction, such as the imposition of fines or costs, might send a message to other litigants that “inattention to deadlines can be purchased for a price.” The deterrence value of a sanction may certainty factor into a district court’s calculus. But, allowing the general interest in deterrence to hold too much sway in the analysis runs afoul of the principle that “sanction[s] must be handled on a case-by-case basis.” Young, 330 F.3d at 81. In other words, the punishment must approximately fit the crime. Here, it did not. In the absence of a greater conviction that parties will indeed attempt to purchase their way out of discovery compliance as a result of our holding in this case, we are not persuaded that the sanction here was justified.
III. Conclusion
For the reasons provided above, we affirm the district court’s denial of the motion to remand, but we reverse the exclusion of the expert testimony, vacate the *81 entry of summary judgment, and remand for further proceedings consistent with this opinion, including the possible imposition of sanctions within the district court’s discretion. The parties shall bear their own costs.

. In opposing the defendants' summary judgment motion, Esposito provided and relied upon an engineering report from Thomas. The magistrate judge struck this report.

. We note that Rule 16 of the Federal Rules of Civil Procedure gives district courts great discretion to issue sanctions where a party fails to comply with case-management deadlines. Fed.R.Civ.P. 16(f). It is not entirely clear whether the preclusion sanction here was levied under Rule 16 or Rule 37, although Esposito cited Rule 37 in his motion to permit expert testimony. In any event, whether we are reviewing a sanction imposed under Rule 16 or Rule 37, the considerations are generally the same, as is the deference we afford the district court’s choice of sanction. See Santiago-Diaz, 456 F.3d at 277 (discussing cases dealing with sanctions imposed under Rule 16 in examining the preclusion of evidence under Rule 37). Accordingly, we would reach the same result here under either rule.