David ASHE, Plaintiff(s),

v.

**DISTRIBUIDORA NORMA INC.,
et al., Defendant(s).**

**Civil No. 10–2236 (DRD).**

United States District Court,
D. Puerto Rico.

Aug. 29, 2013.

Jose A. Pagan–Nieves, Leticia Casalduc–Rabell, Vanesa Vicens, David C. Indiano–Vicic, Indiano & Williams, PSC, San Juan, PR, for Plaintiff.

Eyck O. Lugo–Rivera, Eliseo Roques–Arroyo, Edge Legal Strategies, PSC, Ricardo Pizarro, Pizarro Law Firm, P.S.C., San Juan, PR, for Defendants.

### OPINION AND ORDER

DANIEL R. DOMINGUEZ, District Judge.

Pending before the Court are: (a) *Motion for Orders to Compel Regarding Mr. Roldán Deposition, Documentation, and Testimony* filed by plaintiff, Docket No. 187; (b) *Objection to Motion for Orders to Compel Regarding Mr. Roldán Deposition, Documentation and Testimony (Docket No. 187)* filed by defendants, Docket No. 190; (c) *Reply to Objection to Motion for Orders to Compel Regarding Mr. Roldán Deposition, Documentation, and Testimony* filed by plaintiff, Docket No. 196; (d) *Urgent Motion In Limine to Preclude Trial Testimony of Defendants' Expert Witness,* filed by plaintiff, Docket No. 200; (e) *Objection to Plaintiff's Urgent Motion in Limine to Preclude Trial Testimony of Defendants' Expert Witness* filed by defendants, Docket No. 201; (f) *Motion for Ruling on Pending Motion in Limine to Preclude. Trial Testimony of Defendants' Expert Witness* filed by plaintiff, Docket No. 202; (g) *Motion Regard-*

*ing Pending Urgent Motion in Limine to Preclude ·Trial Testimony of Defendants' Expert Witness (Docket No. 185, 186, 188 and 189)* filed by defendants, Docket No. 215.

## Introduction

The instant action ensued after plaintiff David Ashe ("Mr. Ashe") was terminated from his employment on June 30, 2010, after being in managerial positions with several of the defendants since his appointment in the year 1990. *See generally* the *Amended Complaint* of May 5, 2011, Docket No. 31. The Court notes that plaintiff was forty-four years old at the time of this termination. Mr. Ashe was replaced by Mr. Juan D. Calero who was thirty-four years old at the time. *Id.* Plaintiff alleges that he was terminated due to his age, as his professional record and evaluations have always excelled the defendants' expectations. *Id.* Plaintiff's salary at the time of termination was $285,816.00. Mr. Ashe found a job afterwards with a salary of $160,000.00. Plaintiff further alleges that he was not paid back pay, severance pay, as provided by Puerto Rico Law No. 80. Mr. Ashe timely filed the EEOC charge, and the original complaint was filed upon receipt of the EEOC's Notice of Right to Sue on November 2010. This action followed on December 16, 2010.

### A. *Mr. Ulises Roldán Deposition.*

■ Upon defendants' request, on May 16, 2013, plaintiff made available witness Mr. Ulises Roldán (Mr. Roldán) for the taking of a deposition at 9:00 a.m. Being Mr. Roldán a former employee of the defendants, and prior to entering into the questions of the deposition *per se,* the defendants' counsel reminded Mr. Roldán that he had signed a confidential agreement prior to his dismissal from the defendant Distribuidora Norma, Inc., and that he was impaired to testify as to any matter

that may constitute a violation of the confidential agreement. *See* Docket entries No. 187, 197–1, pages 2–4 of the May 16, 2013 Transcript. At that point, plaintiff's counsel, Ms. Vicens stated "I believe that you [Mr. Pizarro] should give him [Mr. Roldán] the opportunity to review it [the confidential agreement]. We could leave or you may go outside, as you wish." *See* Docket No. 197–1, pages 5–6. Thereafter, Mr. Pizarro suggested to the witness to consult with an attorney prior to start answering questions, "[a]nd you [Mr. Roldán] may make any call you want, if you need to consult with any lawyer, I don't know with whom." *See* Docket No. 197–1, page 6.

After a discussion amongst counsel off the record, Ms. Vicens stated for the record:

Yes, for purpose of the record, I wish to make it clear that I am present at this deposition exclusively to serve as counsel for the plaintiff, Mr. David Ashe. Mr. Ulises Roldán, who is present here to be deposed, has been summoned as a witness to the facts in this case; I am under no circumstance assuming the role as counsel to Mr. Roldán in this deposition. **I am unaware of the contents of the document that has been shown to him and I wish to make it clear that a copy of same has been voluntarily produced to me by counsel for the defense and that I have refused to review or discuss the contents thereof with Mr. Ulises Roldán, inasmuch as I am not serving in the capacity of his lawyer in this deposition.** I reiterate to Mr. Roldán, as also done by counsel for the plaintiffs, that if he wishes to review that document and to consult with any other lawyer before continuing with this deposition because he has any question on the limit of the . . . or extent of the testimony that he

may render, well we will gladly do so and we will reschedule this deposition. On the other hand, if the contents of what he can say and what he cannot say is clear to him, I am going to ask Mr. Roldán to remain and to testify to the extent that he understands that he is being allowed to testify, but that during that deposition I can neither examine the document nor review it, I will be present there in the capacity as counsel for plaintiffs. Do you understand that, Mr. Roldán?

DEPONENT: Very clear.

. . .

MR. PIZARRO: Excellent. Then we are going to acknowledge your right [to consult with counsel] and, therefore, what we will do is to set aside . . . right, we will nor enter into the procedures related to this deposition and this case as such and then await your making those endeavors, to communicate with us or with Ms. Vicens' office to indicate when we may reschedule your deposition. (Emphasis ours).

See Docket No. 197–1, page 10.

In view of the foregoing, the Court finds that Mr. Roldán cannot refuse to testify over facts related to the facts of the instant case. Mr. Roldán may testify as to whatever matter that his attorney may deem appropriate, including questions that may be impaired by the release of the confidential agreement. Counsel for the defense may object any particular question that may be barred by the confidential agreement. The Court, however, will provide a ruling at trial. The Court reminds the parties that the witness is a subpoenaed witness, and is not testifying voluntarily but by order of the Court. There is a strong distinction in the jurisprudence, as to witness testimony under a contract and being subpoenaed to testify at a third party request. Counsel are both invited to review the legal repercussions. In the event that Mr. Roldán fails to appear to the taking of the deposition, he may be found in contempt of Court.

The Court further reminds the parties that Mr. Roldán is impaired to raise the Fifth Amendment defense, as there is no Fifth Amendment allegation in the instant case. But Mr. Roldán is not to be coerced as to not testifying, for he is a subpoenaed witness who has been granted counsel to provide him advise. Hence, attorney David Indiano is hereby ordered to serve a copy of this *Omnibus Order* to Mr. Roldán, and to subpoena again Mr. Roldán for the taking of the deposition as soon as possible. The Clerk will terminate the motions filed under Docket entries No. 187, 190, 196.

### B. *Defendants' Expert Witness.*

"Potent elixirs should not be casually dispensed." *United States v. Santana,* 6 F.3d 1, 10 (1st Cir.1993) [1]

Pending before the Court is a discovery dispute amongst the parties based on the non-compliance with the *Order* of November 1, 2012, Docket No. 169, wherein the Court set a discovery time table, and defendants' compliance is tardy. The defendants' experts' report(s) was due on May 15, 2013, *see* Docket No. 169, page 2. The record shows that the defendants' damages expert report was eventually notified on June 14, 2013, *see* Docket No. 199.[2]

---

1. *See also United States v. Houlihan,* 92 F.3d 1271, 1291 (1st Cir.1996); *United States v. Guzmán,* 282 F.3d 56, 59 (1st Cir.2002).

2. The record shows that on May 15, 2013, the defendants requested an extension of time until May 30, 2013. The Court ordered plaintiff to object on or before May 20, 2013. *See* Docket entries No. 183, 184. Plaintiff's objection was timely filed on May 20, 2013, and moved to strike the defendants's expert wit-

Thereafter, the plaintiff filed an *Urgent Motion In Limine to Preclude Trial Testimony of Defendants' Expert Witness*, Docket No. 200, on the grounds that the defendants failed to timely comply with the Court's Management Order, Docket No. 169. Plaintiff's motion is supported on the provisions of Rules 26 and 37 of the Federal Rules of Civil Procedure, as well as applicable case law.

On July 22, 2013, the defendants filed an *Objection to Plaintiff's Urgent Motion In Limine to Preclude Trial Testimony of Defendants' Expert Witness*, Docket No. 201, on the grounds that the late filing of the expert's report is not prejudicial to plaintiff's litigation of this case. The Court finds that the defendants' objection was filed tardy, as provided by Local Rule 7(b). The due date to file the objection was 14 days from June 28, 2013, that is, July 12, 2013. The record shows that the defendants' objection was filed on July 22, 2013, Docket No. 201, and without leave of Court for late filing. Moreover, on August 19, 2013, the defendants filed a motion reminding the Court that there are pending motions to be entertained. *See* Docket No. 215.

Our analysis follows. We begin our substantive discussion with the bedrock proposition that **federal courts possess wide-ranging power to sanction parties who repeatedly balk at complying with court-imposed deadlines.** *See, e.g., Nat'l Hockey League v. Metro. Hockey Club,* 427 U.S. 639 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). This authority extends to the enforcement of case-management orders. *Tower Ventures, Inc. v. City of Westfield,* 296 F.3d 43–45–46 (1st Cir. 2002). Thus, "when noncompliance occurs, the court may choose from a broad universe of possible sanctions." *Id.* at 46. (Emphasis ours). *See also Santiago–Díaz v. Laboratorio Clínico y de Referencia del Este and Sara López, M.D.,* 456 F.3d 272, 275 (1st Cir.2006) (preclusion of expert witness); *Martínez–Serrano v. Quality Health Services of Puerto Rico, Inc.,* 568 F.3d 278, 283 (1st Cir.2009) (preclusion of expert witness).

Hence, the Court has full discretion to strike an expert witness for failure to comply with the discovery deadlines imposed by the court. The Court reminds the parties that the federal rules of civil procedure are bound to be followed not to be ignored. Whoever defies the Court's or-

ness, on the grounds that the defendants failed to comply with the *Order* of November 1, 2012, wherein the defendants had until April 30, 3013 to disclose their experts. *See* Docket No. 185. Defendants belatedly complied with the disclosure of their expert witness on May 8, 2013, and emailed a production of documents to plaintiff, on May 10, 2013 at 5:25 p.m., that is, five days before the due date to notify the defendants' expert report. *See* Docket No. 185. Plaintiff further requested that as "[p]er Rule 37(c)(1), the required sanction for Defendants' failure to comply with the Court's deadlines and the expert disclosure requirements is preclusion of the witness at trial." *See* Docket No. 185, page 4. The defendants' motion requesting leave to respond to plaintiff's objection to the extension of time to file the expert report and

to strike the defendants' expert witness was filed under Docket No. 186. Plaintiff filed a response in opposition to defendants' request for extension of time to file the expert's report and in support to strike the defendants' expert witness, *see* Docket No. 188. On May 29, 2013, and barely 24 hours before the requested extension of time, the defendants filed a *Motion Requesting Order to Compel Production of Documents Necessary for Completion of Defendants' Expert Report,* Docket No. 189. The record shows that, as of this date, the motions filed under Docket entries No. 185, 186, 188, 189 pending before the Court, are now moot considering this Court's ruling. Notwithstanding, the defendants, without leave of Court, notified their expert report on June 14, 2013. *See* Docket No. 199.

ders, as well as the provisions of the rules, is bound to be sanctioned, as provided by Fed.R.Civ.P. 11.

In the instant case, the Court will deny plaintiff's *Urgent Motion In Limine to Preclude Trial Testimony of Defendants' Expert Witness*, Docket No. 200, at this stage of the proceedings, solely on the ground that the Court accepts the defendants' rational tardy excuse, as opposed of being merely an excuse. The Court believes that this tardiness is not seriously prejudicial or harmful to the plaintiff, at this stage of the proceedings. *Santiago–Díaz*, 456 F.3d at 275.

█ The Court has unquestionable discretion to sanction a non-complying party. "Sanctions can vary depending on the circumstances." *Harriman v. Hancock County, et al.*, 627 F.3d 22, 29 (1st Cir. 2010). "[T]he baseline rule [to be applied to the non-complying party] is that 'the required sanction in the ordinary case is mandatory preclusion.'" *Santiago–Díaz v. Laboratorio Clínico y de Referencia del Este*, 456 F.3d 272, 276 (1st Cir.2006) (quoting *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir.2001)).

█ In any event, before ordering the potential preclusion of an expert witness, the Court must examine various factors: (a) "the opponent-party's ability to overcome its adverse effects (*i.e.*, harmlessness); (b) the history of litigation; (c) the late disclosure's impact on the district court's docket; and, (d) the sanctioned party's need for the precluded evidence." *Harriman*, 627 F.3d at 30, citing *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 76 (1st Cir.2009); *Santiago–Díaz*, 456 F.3d at 276–77. The opposing party "shoulders a 'heavy burden' to show that an abuse has occurred." *Santiago–Díaz*, 456 F.3d at 275. Further "the question on appeal is not whether we [the Circuit Court] would have imposed the same sanction. Rather,

the question is whether the district court's action was so wide of the mark as to constitute an abuse of discretion." *Harriman*, 627 F.3d at 30, citing *Macaulay v. Anas*, 321 F.3d 45, 51 (1st Cir.2003). The district court is reviewed as to the imposed sanction under a highly deferential standard, *Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188, 191 (1st Cir.2006).

█ When determining the potential preclusion of an expert witness there are some additional factors to be considered, such as, "was the dereliction both obvious and repeated" and/or does the record reflect "that plaintiff was guilty of several discovery violations besides those related to her [his] expert witness," *Santiago–Díaz*, 456 F.3d at 277. Further, is the Court presented with a fatal sanction simply because the plaintiff failed to designate the expert in time, *Esposito*, 590 F.3d at 72. "We reversed, with one judge dissenting, because the parties agreed that preclusion was tantamount to dismissal, and there was no evidence that the plaintiff has disregarded other deadlines or sought to gain a calculated advantage by delay." *Harriman*, 627 F.3d at 32, citing *Esposito*, 590 F.3d at 79 (characterizing preclusion there as "a fatal sanction levied for a single oversight"). Should the expert witness be one who makes or breaks a case, as in a medical malpractice case wherein the expert testimony constitutes an element of the cause of action, the preclusion constitutes a "closer question." *Esposito*, 590 F.3d at 78–79. "To be sure, dismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme." *Esposito*, 590 F.3d at 79, citing *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir.2003). Furthermore, a "[d]ismissal should not be granted 'casually.'" *Esposito*, 590 F.3d at 79, citing *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir.2002). Lastly, the conclusion of

*Esposito* was that, "[a]fter considering the other relevant factors described above, we conclude that the circumstances here do not justify such strong medicine [preclusion of the expert]." 590 F.3d at 79. Further, the district courts have been frequently reminded that "the procedural rule itself [Rule 37(c)(1) of the Federal Rules of Civil Procedure], makes clear" that "in the absence of harm to a party, a district court may not invoke the severe exclusionary penalty provided for by Rule 37(c)(1)." *Cruz–Vázquez v. Mennonite General Hospital, Inc.*, 613 F.3d 54, 58 n. 1 (1st Cir.2010). We have also been reminded that preclusion is not always mandated, it is "not a strictly mechanical exercise." *Esposito*, 590 F.3d at 77.

■■■ In the instant case, the plaintiff alleges that he has complied with the case management order, hence, the defendants' non-compliance with the Court's orders and deadlines are prejudicial to plaintiff. The Court understands that "harm" means consequential harm, "adverse effects," suf-

fered to plaintiff's case presentation. *Harriman*, 627 F.3d at 30. Also, "harm" has been considered a surprise (a new theory) changing the previously expressed theories by this expert. *See Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 36–37 (1st Cir.2012);[3] *Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d at 197–198.[4] No such "harm" has been presented to the Court. The plaintiff has lost no evidence nor is harmed by forcing the retaining of any additional experts, as he already has an economic expert. Furthermore, the trial in the instant case is not to be delayed, as the plaintiff's expert's report has been notified to the defendants, and the defendants have notified to the plaintiff their expert's report *albeit* tardy. The Court's docket is not affected, as the case remains ready for trial, and will not be continued, as this case is reportable in March 2014. On the other hand, the Court recognizes that the expert being potentially excluded will not automatically cause the dismissal of the defendants' defense. However, the impression on the jury by the absence and/or preclu-

**3.** In *Samaan*, 670 F.3d at 36–37, the Court held:

> A district court has wide discretion in choosing sanctions for discovery violations. *See Santiago–Díaz*, 456 F.3d at 275. Even so, when "[a] sanction carrie[s] the force of a dismissal, the justification for it must be comparatively more robust." *Esposito*, 590 F.3d at 79. In evaluating whether a specific sanction is appropriate in a given case, we take into account "a multiplicity of pertinent factors, including the history of the litigation, the proponent's need for the challenged evidence, the justification (if any) for the late disclosure, and the opponent's ability to overcome its adverse effects," including "[s]urprise and prejudice." *Macaulay v. Anas*, 321 F.3d 45, 51 (1st Cir.2003). We may also take into account "what the late disclosure portends for the court's docket." *Id.*

**4.** In *Gagnon*, 437 F.3d at 197–198, the Court held:

> Certainly, were the concept to be a balancing of harms or burdens of the parties,

> without consideration of fault or concerns about present and future court administration, an individual plaintiff in a product liability case would likely always prevail against a corporate defendant, no matter how poor his counsel's representation or how case management might be affected. The latter would be seriously compromised. As we stated in *Macaulay*, 321 F.3d at 51, "[T]rial judges must work a complicated equation, balancing fairness to the parties with the need to manage crowded dockets." This means that the court of appeals must consider a multiplicity of pertinent factors, including the history of the litigation, the proponent's need for the challenged evidence, the justification (if any) for the late disclosure, and the opponent's ability to overcome its adverse effects. Surprise and prejudice are important integers in this calculation. So too is an assessment of what the late disclosure portends for the court's docket. *Id.* (internal citations omitted).

sion of an expert's testimony may cause the jury to adopt plaintiff's expert's opinion as to the economic damages or an impression that the defendants have accepted *in toto* the testimony of plaintiff's economic expert's report.

The Court also reviews defendants' alleged reason for non-compliance. Although the alleged reason is not temerarious or a non-reason, as plaintiff alleges, the fact is that the reason could have been easily anticipated. For example, the defendants could have anticipated that the economic analysis to be made by their expert should have covered ten years of plaintiff's economic earnings instead of the five years originally requested. The Court also finds that the plaintiff is not being placed in an adverse position, as a result of the late expert's disclosure, as the economic reasoning for the late discovery is based on the economic data provided by plaintiff. Finally, the Court acknowledges that, granting a preclusion, may constitute a transgression of the mandate of *Malot v. Dorado Beach Cottages Assoc., et al.,* 478 F.3d 40, 43–44 (1st Cir.2007), "including the strong presumption in favor of deciding cases on the merits," as opposed to casually dispensing an easy preclusion. After all "such potent elixirs should not be casually dispensed." *United States v. Santana,* 6 F.3d at 10 (Selya, J.) (referring to the exclusion of late evidence provided by the United States Attorney in a criminal case, unless the conduct is deliberate by the United States Attorney preventing an answer by a defendant and frustrating even additional time to allow the defendant to respond to the late arriving evidence).

Lastly, the Court further considered a potential monetary sanction against the defendants for the tardiness of the disclosure of their expert witness and the expert's report. The Court deems a monetary sanction a close matter although ruled unnecessary, at this stage of the proceedings, as there is no harm caused to the plaintiff, and the delay was short lived. However, the non-complying party is always reminded and forewarned that a party that fails to comply with the Court's management orders does it at his or her own risk. "[A] litigant who ignores a case-management deadline does it at his peril ... We have made it clear that district courts may punish such dereliction in a variety of ways.... [L]itigants have an unflagging duty to comply with clearly communicated case-management orders...." *Rosario–Díaz v. González,* 140 F.3d 312, 315 (1st Cir.1998). The Court reminds the parties that the matter is not merely non-compliance with a management order, but involves preclusion of an expert due to extreme misconduct by the defendants' under *Young v. Gordon,* 330 F.3d at 81.[5]

### Conclusion

Based on the discretionary powers of the Court, plaintiff's *Urgent Motion In Limine to Preclude Trial Testimony of Defendants' Expert Witness,* Docket No. 200, is denied.

The depositions of the experts witnesses are to be taken timely to assure that the trial set for January 21–31, 2014, is not altered. This case is reportable in March 2014, and will not be continued.

---

**5.** But *see also Samaan v. St. Joseph Hospital, et al.,* 670 F.3d at 36–37 (plaintiff's experts witnesses were precluded as "[t]he plaintiff offered absolutely no justification for the late designation [of the experts]," notwithstanding that plaintiff did not have a history of non-compliance with Court's orders); *Gay v. Stonebridge Life Insurance Company,* 660 F.3d 58, 62–64 (1st Cir.2011) (the expert's trial testimony could have been anticipated). Therefore, the bell has rung once.

Furthermore, counsel David Indiano is hereby ordered to serve a copy of this *Omnibus Order* to Mr. Roldán, and to subpoena Mr. Roldán for the taking of the deposition as soon as possible.

The Clerk will terminate all pending motions, Docket entries No. 186, 187, 188, 189, 190, 195, 196, 202, 215.

IT IS SO ORDERED.