**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 16-2160

FRANK ANDREWS and ROBIN ANDREWS,

Plaintiffs, Appellants,

v.

TARGET PHARMACY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Allison D. Burroughs, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Lipez, Circuit Judges.

Edward L. Wells, Jr. on brief for appellants.
Sean J. Milano, Meredith M. Lasna, and Morrison Mahoney LLP on brief for appellee.

October 23, 2017

**SELYA**, **Circuit Judge**.  This civil action was brought in a Massachusetts state court and removed to the federal district court on the basis of diversity jurisdiction.  See 28 U.S.C. §§ 1332(a), 1441.  Massachusetts law supplies the substantive rules of decision.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Summers v. Fin. Freedom Acq. LLC, 807 F.3d 351, 354 (1st Cir. 2015).  The district court granted summary judgment in favor of the defendant and the plaintiffs now appeal.

The facts of the case are straightforward.  The plaintiffs, Frank Andrews (Frank) and his wife Robin Andrews (Robin), allege that the defendant negligently filled a prescription for Frank by dispensing a dosage ten times higher than prescribed.[1]  The plaintiffs further allege that Frank unwittingly ingested these pills between September 10 and September 13, 2009, causing him to suffer renal failure and other harm.  Frank seeks damages for pain and suffering, hospital and medical expenses, and lost wages; Robin (who sues derivatively) seeks damages for lost wages and loss of consortium.

We briefly rehearse the travel of the case.  In the course of pretrial discovery, the district court set July 1, 2015,

---

[1] The plaintiffs named "Target Pharmacy" as the defendant. The record indicates, however, that no such entity as "Target Pharmacy" exists and that Target Corporation operates the pharmacy (and, thus, is the proper defendant in this action). Nothing turns on this misnomer.

as the date for the plaintiffs' expert witness disclosures.  See Fed. R. Civ. P. 26(a)(2).  This date passed without any vestige of compliance on the plaintiffs' part.  In October, the defendant moved to preclude the plaintiffs from offering any expert testimony.  The district court granted the plaintiffs another bite at the cherry, extending the deadline for expert witness disclosures to December 21.  See Fed. R. Civ. P. 26(a)(2).

Within the extended period, the plaintiffs identified Dr. Steven Gabardi as a prospective expert witness.  They nonetheless failed to provide Dr. Gabardi's report to the defendant as required by the district court's pretrial order, and they did not name any other prospective expert witnesses.

The district court gave the plaintiffs yet a third bite at the cherry.  But this was only a partial bite: even though the court allowed the plaintiffs another opportunity to furnish Dr. Gabardi's report, it granted the defendant's earlier motion and precluded the plaintiffs from offering the testimony of any expert not identified by the December 21 deadline.

Withal, Dr. Gabardi's report was not forthcoming within the allotted time.  Bending over backwards, the district court gave the plaintiffs a final extension to February 9, 2016, to provide the report.  This time, the plaintiffs did so.

Faced with a record dominated by the plaintiffs' blithe disregard for deadlines, the district court reaffirmed its earlier

order and again precluded the plaintiffs from offering any expert testimony apart from Dr. Gabardi's testimony. The defendant proceeded to move for summary judgment. See Fed. R. Civ. P. 56(a). The plaintiffs immediately sought leave to reopen discovery.

In due course, the district court denied the plaintiffs' motion to reopen discovery and granted the defendant's motion for summary judgment. See Andrews v. Target Pharmacy #T-2292, No. 13-cv-12268, 2016 WL 4250243, at *7 (D. Mass. August. 10, 2016). This timely appeal ensued.

We have made no secret of our view that the court of appeals should not wax longiloquent for no reason other than to hear its own words resonate. See, e.g., Eaton v. Penn-Am. Ins. Co., 626 F.3d 113, 114 (1st Cir. 2010); Collier v. City of Chicopee, 158 F.3d 601, 604 (1st Cir. 1998); Ayala v. Union de Tronquistas, Local 901, 74 F.3d 344, 345 (1st Cir. 1996); Holders Capital Corp. v. Cal. Union Ins. Co. (In re San Juan Dupont Plaza Hotel Fire Litig.), 989 F.2d 36, 38 (1st Cir. 1993). When a lower court has accurately taken the measure of a case and articulated its reasoning clearly and cogently, it would serve no useful purpose for us to write at length. This is such a case. Consequently, we affirm the judgment below for substantially the reasons elucidated in the district court's rescript, adding only a few specific observations.

- 4 -

First: the plaintiffs' claim that they were improperly precluded from offering expert testimony lacks any semblance of merit. We review a challenge to a discovery-related preclusion order for abuse of discretion, see Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2003), and we discern no hint of abused discretion in this case.

To help ensure an orderly system of adjudication, the Federal Rules of Civil Procedure provide for extensive pretrial disclosures concerning expert witnesses and expert testimony. See Fed. R. Civ. P. 26(a)(2). Parties disregard either these strictures or the provisions of pretrial orders implementing them at their peril. See Macaulay, 321 F.3d at 50. Where gross violations occur, preclusion of expert testimony may be an appropriate sanction. See Thibeault v. Square D Co., 960 F.2d 239, 245 (1st Cir. 1992); see also Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 77-78 (1st Cir. 2009) (listing "host of factors" to consider when determining whether a preclusion sanction is proper). Where, as here, the sanction has serious consequences for the disposition of the case, "the justification for it must be comparatively more robust." Esposito, 590 F.3d at 79.

Here, the district court exhibited extraordinary patience in the face of persistent disregard of discovery deadlines. The plaintiffs were afforded ample opportunities to comply with the disclosure obligations reasonably imposed by the

district court. By and large, the plaintiffs rewarded the district court's patience by turning a blind eye to their court-imposed obligations. Given the absence of any credible justification for their lapses, the prejudice to the defendant that those lapses manifestly portended, and the adverse impact of those lapses on the district court's ability to manage its docket, the preclusion order was well within the wide encincture of the district court's discretion. See id. at 78.

Second: the plaintiffs' motion for leave to reopen discovery was too little and too late. Although the plaintiffs belatedly asserted that their lawyer's health problems between late 2014 and early 2015 somehow interfered with their ability to comply with the deadlines set by the district court, they advance no reason for failing to ask for a continuance on this basis. See Faigin v. Kelly, 184 F.3d 67, 85 (1st Cir. 1999) ("[A] reviewing court may attribute special significance to the party's eschewal of a continuance and assume that the party did not require additional time to adjust his litigation strategy."). In all events, the stated health concerns afford no plausible justification for flouting the December 2015 deadline. Viewing the record as a whole, we conclude, without serious question, that the district court did not abuse its discretion in denying the plaintiffs' motion to reopen discovery.

Third: despite their protestations to the contrary, the plaintiffs' challenge to the entry of summary judgment in favor of the defendant is unavailing. In Massachusetts, a party ordinarily must produce "expert testimony . . . to establish medical causation." Milward v. Rust-Oleum Corp., 820 F.3d 469, 476 (1st Cir. 2016) (quoting Reckis v. Johnson & Johnson, 28 N.E.3d 445, 461 (Mass. 2015) (applying Massachusetts law); see Case of Canavan, 733 N.E.2d 1042, 1051 (Mass. 2000) ("Because understanding medical causation is 'beyond the . . . knowledge of the ordinary layman . . . proof of [such causation] must rest upon expert medical testimony.'" (quoting Hachadourian's Case, 162 N.E.2d 663, 666 (Mass. 1959))). Here, the plaintiffs had to prove that Frank's ingestion of the wrong dosage caused the injuries of which he complained. That was a medical causation question that fell within the general rule (not within the long-odds exception to it). Yet, the plaintiffs did not offer a scintilla of expert testimony to prove causation.[2] We therefore conclude, on de novo review, see Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010), that the court below did not err in ruling that the plaintiffs had failed to make out a genuine issue of material fact with respect to causation.

---

[2] To be sure, the plaintiffs did submit Dr. Gabardi's expert witness report. Dr. Gabardi made it crystal clear, though, that he had not formed — and would not venture — any opinion on medical causation.

Fourth:  the plaintiffs contend that they were entitled to have their case heard by a medical malpractice tribunal.  See Mass. Gen. Laws ch. 231, § 60B.  The statute itself belies their contention: the defendant, operating as a pharmacy, was not a "provider of health care" within the statutory compass.  Id.

We need go no further.  Though the plaintiffs make a host of other arguments, none of them is persuasive.  For the reasons limned in the district court's lucid rescript and supplemented here, the judgment of the district court is summarily

**Affirmed.**  See 1st Cir. R. 27.0(c).