# United States Court of Appeals
## For the First Circuit

No. 16-2291

NANA AMOAH,

Plaintiff, Appellant,

v.

DENNIS MCKINNEY; SMITH TRANSPORT,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Timothy S. Hillman, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Barron, Circuit Judges.

Stephen Gordon, with whom Kenneth Onyema was on brief, for appellant.
Matthew C. Welnicki, with whom Melick & Porter, LLP was on brief, for appellees.

November 13, 2017

**BARRON**, **Circuit Judge**.  This case arises from a suit for negligence that the plaintiff, Nana Amoah, brought against the driver of a tractor trailer and the company that owned the vehicle and hired the driver, after Amoah and the driver were involved in a vehicle collision that occurred in Massachusetts on October 17, 2014.  The District Court granted summary judgment to the defendants after ruling favorably for the defendants on their motion to strike the plaintiff's statements of facts.  For the reasons that follow, we conclude that the District Court did not abuse its discretion in ruling on the defendants' motion to strike those statements of facts, and that summary judgment in favor of the defendants, based on the record that remained, was proper.  We therefore affirm.

## I.

Amoah filed suit against defendants Dennis McKinney and Smith Transport, the appellees, in November 2014, in Worcester Superior Court, following the injuries that Amoah suffered when his car crashed on a highway in Massachusetts.  Amoah alleges that the tractor trailer that McKinney was driving, and which was owned by Smith Transport, struck Amoah's car from behind and caused him to lose control and to strike a median.  Amoah brought claims for negligence against both defendants, and negligent entrustment and negligent hiring against Smith Transport.

The defendants, who countered that Amoah first lost control of his car and struck the median before bouncing off and hitting McKinney's tractor trailer, removed the case to the District Court for the District of Massachusetts based on diversity. Both parties thereafter moved for summary judgment and made motions to strike various statements of facts that the other party had offered.

The District Court referred all of the parties' opposing motions to a Magistrate Judge. The Magistrate Judge recommended granting the defendants' motions to strike many of the facts that were set forth in Amoah's statement of facts in support of his own summary judgment motion, and the entirety of Amoah's statement of facts set forth in Amoah's opposition to defendants' summary judgment motion, including two expert reports attached as exhibits. The Magistrate Judge did so on the ground that Amoah, in offering those statements of facts, had failed to comply with Local Rule 56.1, which requires oppositions to motions for summary judgment to include "a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried." LR, D. Mass 56.1. The Magistrate Judge then recommended that the defendants' motion for summary judgment be granted as there was "no contrary expert opinion as to the cause of the accident" left in the record that could counter the

- 3 -

defendants' facts, including the defendants' expert report ("the Melcher Report") regarding the accident's cause.

Amoah filed objections to the Magistrate Judge's report and recommendation. The District Court then adopted the Magistrate Judge's report and recommendation and entered summary judgment in favor of the defendants.

**II.**

We first consider Amoah's contention that the expert reports attached to his opposition to defendants' motion for summary judgment should not have been struck and thus that the summary judgment ruling may not stand. We review a ruling granting a motion to strike for an abuse of discretion, see Cummings v. Standard Register Co., 265 F.3d 56, 62 (1st Cir. 2001), and we find none here.

The Magistrate Judge recommended to strike the two expert reports attached to Amoah's opposition to the defendants' motion for summary judgment because Amoah provided the expert reports to the defense nearly four months after the deadline for expert disclosures as set by a scheduling order. The Magistrate Judge found that the late disclosure was neither "substantially justified" nor "harmless" and thus that the reports should be struck under Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2003).

Macaulay provides that where a district court opts to preclude evidence,

> [W]e review that decision with reference to a host of factors, including: (1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects -- e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket.

Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 78 (1st Cir. 2009) (citing Macaulay, 321 F.3d at 51). And here, the District Court accepted the Magistrate Judge's report and recommendation, which specifically found that the "[p]laintiff has repeatedly flouted his discovery obligations and for this court to excuse his conduct in order to protect an opportunity for a merits-based determination would not only reward such conduct, but also would disregard all but the second of the Macaulay factors, diminishing a five-part test to a single factor."

Amoah argues on appeal that his late disclosure of the experts who produced the reports should have been excused because it was based on a belief than an order postponing a status conference essentially authorized an open-ended discovery period. But, the record shows that Amoah failed to disclose the experts even after defense counsel advised Amoah that the discovery deadline had not been canceled. And thus, as the Magistrate Judge correctly found, at a minimum, "it would have been prudent for

plaintiff to inquire" about the deadline if there was any confusion.

In addition, the record supports the conclusion that the defendants would have been substantially prejudiced by allowing the late expert reports.  As the Magistrate Judge found, if those reports were allowed, then "defendants would be required to withdraw their current motion for summary judgment, depose plaintiff's experts, perhaps have their own experts prepare amended expert reports based on plaintiff's expert reports, and then -- if still deemed prudent -- file a new motion for summary judgment."

Even though we find no abuse of discretion in the decision to strike Amoah's expert reports, there did remain in the record the defendants' own statement of facts and the Melcher Report.  And, Amoah now contends that the facts that remained in the record precluded the granting of summary judgment to the defendants, because those remaining facts themselves created a genuine issue of disputed fact as to whose version of the accident was correct.

In particular, Amoah argues that defendants' own statement of facts referenced facts that contradicted the conclusion reached in the Melcher Report regarding the cause of the accident.  However, the "facts" in the defendants' statement that Amoah refers to, such as Amoah's representations in both his

Personal Injury Protection application and his response to the defendants' interrogatory that the cause of the accident was that "[his car] was struck by a Smith Trucking vehicle," are nothing more than conclusory assertions about what happened. Accordingly, they provide no basis for concluding that the summary judgment ruling was wrong. See Rivera-Corraliza v. Morales, 794 F.3d 208, 227 (1st Cir. 2015) (holding that conclusory assertion without factual support constitutes waiver of a claim).

Nor is there anything else in the record that supports Amoah's assertion in his brief to us that the record contains evidence that he observed the tractor trailer hitting his car. In fact, Amoah admitted in his deposition that he was not looking in his rearview mirror and did not see how the accident occurred.

Thus, when the Magistrate Judge found that the "in effect uncontroverted" evidence supported the defendants' version of how the accident occurred and therefore that summary judgment was warranted, the Magistrate Judge was not -- as Amoah contends -- impermissibly ruling on the credibility of the Melcher Report. Instead, to use the Magistrate Judge's own words, "the determination that summary judgment is warranted in favor of defendants plainly is predicated on the striking of plaintiff's opposition and expert reports," as, without them, the Magistrate Judge found, there was simply no evidence in the record to support

- 7 -

plaintiff's version of the events and thus to create a factual dispute with the account given in the Melcher Report.

To be sure, Amoah does argue that the Melcher Report itself should have been struck. But even if striking it would somehow aid Amoah's cause -- notwithstanding the Magistrate Judge's ruling that there was nothing in the record to support the plaintiff's version of events -- we do not see how it was an abuse of discretion to decline to strike the Melcher Report.

The crux of Amoah's contrary argument is that the Melcher Report was not based on scientific or technical knowledge, because it included an analysis of testimony offered by the trooper at the scene of the collision, and thus was not admissible pursuant to Rules 702 and 703 of the Federal Rules of Evidence. But, as the Magistrate Judge correctly found, Rules 702 and 703 "govern the admissibility of expert evidence . . . not the materials that factor into an expert's determinations."

Moreover, Amoah's argument that the Melcher Report was not signed under penalty of perjury and thus was inadmissible fares no better. Amoah did not make this argument below, and we find that it now fails on plain error review, as the Melcher Report's admission did not affect Amoah's substantial rights. After all, the Magistrate Judge found that there was no evidence in the record to support Amoah's version of the events.

**III.**

Accordingly, the judgment of the District Court is **affirmed**.