20-742-cv
Brandon Taylor v. Medtronic, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2020

(Argued:  March 17, 2021                    Decided: September 30, 2021)

Docket No. 20-742-cv

_____

BRANDON TAYLOR,

*Plaintiff-Appellant*,

v.

MEDTRONIC, INC., MEDTRONIC, USA, COVIDIEN HOLDING INC.,
COVIDIEN, INC., COVIDIEN LP,[1]

*Defendants-Appellees*.

_____

Before: POOLER, SULLIVAN, and PARK, *Circuit Judges*.

Brandon Taylor appeals from the February 24, 2020 judgment of the

United States District Court for the Northern District of New York (Scullin, *J.*)

---

[1] The Clerk of the Court is directed to amend the caption as above.

denying his motion to remand to state court and granting defendants' motion to dismiss his complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Under the removal statute, "all defendants who have been properly joined and served must join in or consent to the removal of the action" within thirty days of receiving the initial pleading or summons. 28 U.S.C. § 1446(b)(1)-(2)(B). All defendants here were properly served, but they mistakenly believed that one of the defendants, Covidien LP, was not properly served. Covidien LP thus did not join or consent when the other defendants removed the action to federal court within the thirty-day statutory period. The district court found this omission cured when Covidien LP later joined the other defendants in opposing plaintiff's motion seeking remand, even though the defendants filed their opposition brief seventeen days after the thirty-day deadline for removal lapsed.

We reverse. A properly served defendant cannot cure a failure to timely consent to removal by opposing a motion for remand when the opposition is filed after the thirty-day statutory period for removal lapsed. Because we find remand appropriate, we vacate the district court's dismissal of the complaint.

Reversed.

_____

RONALD PAUL HART, New York, NY, *for Plaintiff-Appellant Brandon Taylor*.

LISA S. BLATT, Williams & Connolly LLP (Amy Mason Saharia, Matthew J. Greer, *on the brief*), Washington, D.C., *for Defendants-Appellees Medtronic, Inc., Medtronic, USA, Covidien Holding Inc., Covidien, Inc., and Covidien LP*.

Loren H. Brown, DLA Piper LLP (US), (*on the brief*), New York, NY, *for Defendants-Appellees*.

POOLER, *Circuit Judge*:

Brandon Taylor appeals from the February 24, 2020 judgment of the United States District Court for the Northern District of New York (Scullin, *J.*) denying his motion to remand to state court and granting defendants' motion to dismiss his complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The removal statute provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action," and that the "notice of removal of a civil action or proceeding shall be filed within 30 days" of the defendant receiving the initial pleading or the summons. 28 U.S.C. § 1446(b)(1)-(2)(B). All defendants here were properly served, and therefore each was required to timely consent to effectuate removal. But one defendant, Covidien LP, failed to timely consent to removal because it mistakenly believed

3

that it had not been properly served. The district court nevertheless found that this defect was cured when Covidien LP later joined the other defendants in opposing plaintiff's motion seeking remand, filed after the deadline for removal lapsed.

We reverse. A properly served defendant cannot cure a failure to timely consent to removal by later providing untimely consent. Accordingly, even if we assume that Covidien LP eventually consented to removal when it opposed the motion for remand, that consent, which came seventeen days after the thirty-day statutory period for removal lapsed, may not undo or fix the timeliness problem. Nor are we free to create an exception to the statute's mandatory language requiring timely consent. Because we find remand appropriate, we vacate the district court's dismissal of the complaint.

## BACKGROUND

Taylor sued Medtronic, Inc., Medtronic, USA, Covidien Holding Inc., Covidien, Inc., and Covidien LP (collectively, "Medtronic") seeking damages for injuries he allegedly suffered from a defective mesh implant used during surgery to repair his inguinal hernia. Taylor's complaint alleges that Medtronic designed, manufactured, marketed, distributed, and sold the mesh to medical providers,

including the one who performed Taylor's hernia surgery. Taylor brought his product liability action in New York Supreme Court, Broome County on several theories of liability: negligence, failure to warn, defective design, manufacturing defect, and breach of both express and implied warranties.

Four of the five defendants filed a timely notice of removal. The fifth defendant, Covidien LP, did not join the notice. Covidien LP is a corporate sibling of the other four defendants, and is represented by the same counsel. The removal notice stated that "Covidien LP has not been served in this action," and noted that "[c]onsent is not required for Defendants who have not yet been served." App'x at 6 n. 1. Taylor moved to remand, in part on the basis that Covidien LP had, in fact, been properly served, and without the consent of all properly served defendants, removal was improper. All defendants, including Covidien LP, opposed remand. Counsel's declaration in support of defendants' opposition explained that its agent for service "mistakenly failed to forward the served summons and complaint because it was attached to the back of an identical summons and complaint for Covidien, Inc." App'x at 125 ¶ 7. Counsel argued that "[t]he failure to include Covidien LP in the notice of removal was a technical oversight," and thus curable by Covidien LP's joining the opposition to

remand. *Id.* The district court agreed. *See Taylor v. Medtronic, Inc.*, No. 3:18-Civ. 1201 (FJS/ML) 2020 WL 886118 (N.D.N.Y. Feb. 24, 2020). The district court found that opposing the remand motion "constitute[d] consent to removal and functions to cure Defendants' failure to comply with the rule of unanimity." *Id.* at *2. It therefore denied the remand motion and granted Medtronic's motion to dismiss the complaint for failure to state a claim. *Id.* at *3-8. This appeal followed.

## DISCUSSION

"We review a district court's denial of a motion to remand *de novo.*" *O'Donnell v. AXA Equitable Life Ins. Co.*, 887 F.3d 124, 128 (2d Cir. 2018). "In reviewing a denial of a motion to remand, the defendant bears the burden of demonstrating the propriety of removal." *Id.* (internal quotation marks omitted).

Section 1441(a) permits a defendant to remove a case from state court to federal court, so long as certain requirements are satisfied. 28 U.S.C. § 1441(a). A notice of removal must be signed by at least one attorney of record in accordance with Rule 11; contain a short and plain statement of the basis for removal; and include a copy of all process, pleadings, and orders served upon the defendants in the action. *Id.* § 1446(a), (b). More importantly for our case, the notice of removal "shall be filed within 30 days after the receipt by the defendant" of the

initial pleading or summons, "whichever period is shorter." *Id.* § 1446(b)(1). And within that thirty-day window, "all defendants who have been properly joined and served must join in or consent to the removal of the action" the so-called rule of unanimity. 28 U.S.C. § 1446(b)(2)(A); *see also* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal."). While not codified until 2011, common law long required all defendants to consent to removal. *See, e.g.*, *Chi., Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900) (requiring all defendants join in the removal application).

"The unanimity requirement serves the interests of plaintiffs, defendants and the courts," because:

> It benefits plaintiffs by preventing defendants from splitting the litigation, forcing the plaintiff to pursue the case in two separate forums. It benefits defendants by precluding one defendant from imposing its forum choice on codefendants. And it helps courts by preventing needless duplication of litigation.

16 Moore's Federal Practice – Civil § 107.42 (2018)

7

Because "statutory procedures for removal are to be strictly construed," we "resolv[e] any doubts against removability." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation marks and citation omitted, alteration in original); *see also Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941) ("Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation.").

It is well-established that defendants "must independently express their consent to removal." *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012). The issue here is whether the removal statute allows a defendant to consent to removal after the thirty-day deadline for removal lapses. It does not. Where, as here, a properly served defendant fails to provide notice of consent to removal within the thirty-day statutory period, the defendant cannot cure that failure by providing late consent. This straightforward application of 28 U.S.C. § 1446(b)(2)(B) is consistent with our Circuit's presumption against removal. *See*

8

*Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) ("The right to remove a state court action to federal court on diversity grounds is statutory, and must therefore be invoked in strict conformity with statutory requirements." (internal citation omitted)).[2]

To read the removal statute as permitting late consent would not only overlook the statute's clear language, but would also undermine the "rapid determination of the proper forum," which we have recognized as a goal of the removal procedures. *Id.*

Defendants nonetheless argue that "[e]very court of appeals that has considered the issue has held that a defendant that did not join the notice of removal, but that later opposes a remand motion, cures any technical defect and satisfies the 'rule of unanimity.'" Appellees' Br. at 17. That argument elides the fact that, in several of the cases defendants cite, the other Circuits acted under

---

[2] We do not mean to suggest the timing requirement is jurisdictional. *See, e.g.*, *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 75 (1st Cir. 2009) ("The defect in the removal process resulting from a failure of unanimity is not considered to be a jurisdictional defect, and unless a party moves to remand based on this defect, the defect is waived and the action may proceed in federal court."); *Gibson v. Dolliver*, No. 3:18 Civ. 01825 (JCH), 2019 WL 1455172, at *4 (D. Conn. Apr. 2, 2019) ("[C]ourts in this Circuit have held that failure to comply with the rule of unanimity is a procedural, rather than a jurisdictional, defect.").

different circumstances. For example, in *Christiansen v. West Branch Community School District*, the late-removing defendant "filed a motion to dismiss *and* submitted an accompanying brief" endorsing removal within the thirty-day statutory period. 674 F.3d 927, 933 (8th Cir. 2012) (noting that the "holding is limited to the specific facts of this case"). And in *Harper v. AutoAlliance International Inc.*, the defendant at issue not only timely concurred in the notice of removal that was submitted by other defendants, but also filed his own answer within thirty days of being served in which the defendant affirmatively asserted that jurisdiction and venue were proper in federal court. 392 F.3d 195, 201-02 (6th Cir. 2004). It may be that a motion to dismiss accepting removal or opposition to remand can satisfy the writing requirement if made within the statutory time period for removal, but that is not the question before us.

Defendants also rely on the First Circuit's decision in *Esposito v. Home Depot U.S.A.*, 590 F.3d 72, 76-77 (1st Cir. 2009). There, the First Circuit affirmed a district court's holding that a failure to join the removal notice could be cured by joining the opposition to remand. In *Esposito*, Home Depot failed to expressly consent to removal by another defendant, but instead filed its answer in federal court within the removal period. *Id.* at 74. The First Circuit noted that even if the

answer did not suffice to meet the removal statute's requirements, Home Depot's opposition to plaintiff's motion to remand cured the defect prior to entry of judgment, so remand to state court was not required on appeal. *Id.* at 77. Here, unlike *Esposito*, Covidien LP did not file anything before the statutory period for removal expired. And the First Circuit did not consider the remand question in *Esposito* until after an appeal was taken from a grant of summary judgment, raising the prospect of inconsistent state and federal judgments and undoing years of litigation practice. *See id.* ("[W]here the parties have already invested valuable resources in pursuing [ ] litigation in federal court . . . a remand to state court would not serve the purposes of the unanimity requirement[.]"). In contrast, here the parties did not even make it to the preliminary stage of exchanging Rule 26 disclosures prior to the motion to dismiss.

All of the cases cited by the defendants except one—the Eleventh Circuit's non-precedential decision in *Stone v. Bank of New York Mellon*, 609 F. App'x 979 (11th Cir. 2015)—predated Congress's codification of the rule of unanimity in 2011. *See* Pub. L. No. 112-63, § 103(b)(3)(B), 125 Stat. 760, 762 (2011). When the rule of unanimity was a judge-made rule, courts could allow judge-made exceptions to that rule. But now we are limited to interpreting a clear statutory

command from Congress that all defendants must consent to removal within thirty days of service. Where, as here, Congress provides no exceptions to the rule, we are not at liberty to create one. *See, e.g.*, *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 27 (1989) (courts "are not at liberty to create an exception" to a statutory requirement "where Congress has declined to do so").

Our understanding of the law finds support in the Supreme Court's analysis of the Prison Litigation Reform Act ("PLRA"). When interpreting the PLRA's requirement that an inmate "'shall bring 'no action'" without first exhausting his administrative remedies, the Supreme Court held that the statute's "mandatory" language "means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). Though "judge-made exhaustion doctrines . . . remain amenable to judge-made exceptions," the statute's command "stands on a different footing," leaving no room for "judicial discretion." *Id.* at 1857.

Here, too, the removal statute uses mandatory language requiring that the notice of removal "*shall* be filed within 30 days" after a defendant receives an initial pleading (or summons), and that "all defendants who have been properly joined and served *must* join in or consent to the removal." 28 U.S.C § 1446(b)(1)-

12

(2)(A) (emphasis added). Prior to the enactment of this language, courts no doubt retained flexibility to create exceptions to the judge-made rule of unanimity. But in light of the statute's mandatory language, we can no more carve out exceptions to the removal statute's clear directive than we can to the PLRA's mandatory language.

Congress of course knew how to draft exceptions to the unanimity rule's thirty-day limitation. In fact, the removal statute itself permits some exceptions; for instance, it generally allows defendants to remove a case outside of the ordinary thirty-day window if the basis for removal becomes clear only after a plaintiff files an amended pleading. *See* 28 U.S.C. § 1446(b)(3). Moreover, certain federal statutes alter the thirty-day timeline for specified actions. *See* 14C Charles Wright & Arthur Miller, *Federal Practice & Procedure* § 3731 (rev. 4th ed. 2018) (collecting examples). Congress thus contemplated certain minimal exceptions, implicitly rejecting others, and we lack the "judicial discretion" to add exceptions that Congress omitted. *Ross*, 136 S. Ct. at 1857.

For all these reasons, Covidien LP's failure to join the removal notice cannot be excused as a mere "technical defect." *Taylor*, 2020 WL 886118, at *3. Indeed, Covidien LP was not inadvertently omitted from the notice, but instead

made the decision not to join based on its own mistaken understanding that it had not yet been served. And that mistake cannot be fixed with late consent. *See* 14C Wright & Miller, *Federal Practice & Procedure* § 3739.2 ("[I]f fewer than all defendants who must join the removal fail to do so within the time prescribed in Section 1446, that defect cannot be cured.").

At bottom, nothing in the statute provides a court with any discretion to allow a party to cure a failure to meet the statute's requirements once the thirty-day period for removal lapses. *See, e.g., UI Acquisition Holding Co. v. Arch Ins. Co.,* No. 3:19 Civ. 00310 (NAM/ML), 2020 WL 103509, at *3-4 (N.D.N.Y. Jan. 9, 2020) (failure to file or join notice of removal within the thirty-day deadline fatal to removal); *Nat'l Waste Assocs., LLC v. TD Bank, N.A.,* No. 3:10 Civ. 289 (CSH), 2010 WL 1931031, at *7 (D. Conn. May 12, 2010) ("The removal statute does not invest courts with the discretion to overlook or excuse a failure to meet that statute's requirements."); *see also Forum Ins. Co. v. Texarkoma Crude & Gas Co.,* No. 92 Civ. 8602 (CSH), 1993 WL 228023, at *2 (S.D.N.Y. June 22, 1993) ("Procedural errors are equally 'fatal' to jurisdictional errors in removal petitions.").

14

**CONCLUSION**

For the reasons given above, we reverse the district court's denial of the remand motion, vacate the district court's dismissal of the complaint, and remand for further proceedings consistent with this opinion.